Martin, J.*
The petition stated, that one Bell made his promissory note to M'Master & Adams, or order, for $3000. That the latter endorsed it to Duncan & Jackson, who endorsed it to Johnson; that at maturity, Bell neglecting to pay, the note was protested, and due notice given to Duncan & Jackson. That about four months after, Bell made a partial payment of $687 50; and soon after, judgment was obtained against him for the balance, interests and costs; and he afterwards died, and the judgment was revised against D. L. Todd, his representative, and a fi. fa. issued, and no property found. That the defendants have in their hands the property of Duncan & Jackson, many of whose creditors they have paid; yet they refuse to pay the plaintiffs. They plead the general issue.
There was judgment for the plaintiffs, and the defendants appealed.
It does not appear from any part of the record, that notice of the protest was given to the defendants, (the endorsers) but the district judge has thought that this deficiency *707 in the evidence is cured by the subsequent admission of the defendants, in their account on file. I have vainly looked for this account of the evidence before us. It is true, Bell’s note is referred to in an account current between M'Masters & Adams, and the plaintiffs' testator. Admitting this document to be evidence in the case, it does not appear to me, that it establishes that the notice was either given or waved.
I conclude, that as proof of notice to an endorser is essential to a recovery against him, the plaintiffs cannot recover. We ought to reverse the judgment, and ours should be for the defendants, with costs.

 Porter, J. did not join in this opinion, having been counsel in the cause.