EASTERN DIS.
July, 1832.

THAYER
ET AL.
vs.
GOODALE.

*McCaleb*, for appellant. *Conrad*, for appellee.

---

THAYER ET AL. *vs.* GOODALE.

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

He who pays for a cargo is subrogated to the privilege of those who furnished it; but the privilege is extinguished by the destruction of the thing on which it exists.

Where goods are insured and lost at sea, they are not represented by the sum insured, nor is the vendee's privilege extended thereto.

The plaintiffs opposed the tableau of distribution filed by the curator of the estate of Bernabeu, whereon Goodale was placed as a privileged creditor on a sum of money received by the curator from an insurance company, on the loss of a cargo furnished to the deceased on Goodale's credit, and for which the latter had not been paid. The court *a qua* sustained the opposition, and the defendant appealed.

MARTIN, J., delivered the opinion of the court.

The defendant complains of the judgement of the Court of Probates disallowing a place on the tableau of distribution as a privileged creditor on a sum of money received by the curator from an insurance company, on the loss of a cargo furnished to the deceased on the defendant's credit, and for which the defendant has not been paid.

EASTERN DIS.
July, 1832.

THAYER
ET AL.
vs.
GOODALE.

His counsel has contended that our code, 3194, provides that he who has sold any moveable property, which has not been paid for, has a privilege thereon as long as it remains in his vendee's possession; and, by article 2157, subrogation takes place of right, for the benefit of him who is bound with another for the payment of a debt. 7 *Tou.* 12. 119. 8 *Martin,* 706. 2 *id. N. S.* 158. 3 *id.* 319. 1 *L. Rep.* 401.

He has contended that the money received represents the cargo in the same manner as the price of it, not yet received on his vendee's sale.

He who pays for a cargo is subrogated to the privilege of those who furnished it; but the privilege is extinguished by the distribution of the thing on which it exists.

There is no doubt of the correctness of the two first positions. The persons who furnished the cargo had a privilege to which the defendant was of right subrogated on his paying for the cargo. But the privilege is extinguished on the destruction of the thing on which it exists. It exists only where it is expressly given. *C. Code,* 3152. It is *stricti juris,* and cannot be extended by interpretation. 2 *Emerigen,* 583. *Si quis caveret, sibi sitri a pignoris esset navem ex ea materia factum non esse pignoris quia alind est materia alind naves.*

Where goods are insured and lost at sea, they are not represented by the thing insured, nor is the vendee's privilege extended thereto.

It is, however, true, as advanced by the appellant's counsel, that if the vendee sell the goods before he has paid for them, the money due by the second vendee will represent the goods, and the first vendor's privilege will attach thereon; and it is extremely plausible to contend, as is now done, that if the goods be insured and lost at sea, the sum insured thereon equally represents them, and the vendor's privilege must be extended thereto. No authority has been found in the English or American law books, and the appellant's counsel has found one in Valin, which fully supports him; but the industry of the appellee's counsel has enabled him to show that the opinion of Valin is successfully combatted by Emerigen and Binkery Paty, who support their arguments by decisions of the parliaments of Bordeaux and Aix. 2 *Emerigen, Assurances,* § 7, 613–18. *Id. Contracts a la Ins. chap.* 12, § 7.

The money paid to the insurance company on the aliatory contract, by the chances of which the deceased's estate has

become entitled to the sum insured, was paid out of the mass of the deceased's property, on which all his creditors had equal claims.   As the diminution of this fund would have been supported by all of them, it is meet that the addition which has resulted from the chances of the aliatory contract should benefit all.

<br>WHITALL<br>ET AL.<br>vs.<br>BRIG WM. HEN-<br>RY ET AL.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be affirmed, with costs.

*Strawbridge*, for appellants.   *Maybin*, for appellee.