### EYMAR *vs.* LAWRENCE ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The creditor who proceeds against the property of his debtor by provisional seizure and sequestration, acquires no privilege thereon, until he has obtained a judgment, and execution issues on it.

The privilege of the captain of a vessel for his services, advances made and expenses paid on her last voyage, does not extend to the insurance money received as indemnity on her bottom, paid by the underwriters, when she is lost or destroyed by the perils of the sea.

In voluntary sales of a ship or vessel, the creditor can pursue it, and exercise his privilege on it in the hands of the vendee; and in forced sales the privilege attaches to the *price,* and the purchaser takes it free of incumbrance; but when the ship is lost or perishes by the perils of the sea, the privilege is lost with it.

When goods are lost at sea, which are insured, they are not represented by the sum or insurance money received from the underwriters, and the vendor's privilege does not extend thereto.

This is an action against the owner, and against the proceeds of the schooner Serafina, in the hands of Thayer, Hurd & Co., consignees, who received the insurance money for her loss, from the underwriters. The plaintiff alleges he was the captain in command when the schooner was lost at sea, and that Thomas Lawrence, the owner, is indebted to him in the sum of six hundred and ninety dollars, for wages and disbursements made on account of the vessel, for which he claims his privilege on her price, or funds received on her insurance by the consignees. He prays that Thayer, Hurd & Co., residing in New-Orleans, the agents and consignees of the owner, be made parties to this suit, that a provisional seizure and sequestration of the funds in question be made, and that he have final judgment for the amount of

EASTERN DIST.
March, 1835.

EYMAR
vs.
LAWRENCE ET AL.

his claim against the owner and consignees, with a privilege on the funds, and to be paid in preference to other creditors.

Thayer, Hurd & Co. answered, denying they were the agents of Lawrence, the alleged owner, but corresponded with other persons who consigned the vessel to them. They admit they have funds in their hands, arising from the insurance of the vessel in question, which was lost; but they aver, they have a privilege for their debt and advances due by said vessel to them as consignees, which must be first allowed, and that the balance of said funds, amounting to one hundred and fifty dollars, they hold subject to the order of court.

On the trial, the plaintiff exhibited evidence of his claim; he produced the sea-letter and register of the schooner, to prove she was owned by Lawrence. After the plaintiff closed his evidence, the defendants Thayer, Hurd & Co. offered J. Thayer, one of their firm, sued as agents of the defendant Lawrence, to prove they were not agents but were acting as consignees of the schooner Serafina, by virtue of letters from other gentlemen than Lawrence, which letters they also offered in evidence. The plaintiff's counsel objected to the introduction of the testimony, on the ground that Thayer could not prove he was agent of another person, because it would be liberating the funds from the plaintiff's claim, and secure them to the firm of which the witness was a member, and because the genuineness of the letters were not proved; and that an agent cannot prove his agency, when he has a direct interest in doing so. The court sustained the objections, and the defendants' counsel took his bill of exceptions.

The parish judge concluded from the evidence and pleadings of this case, that the plaintiff proved his claim, against the schooner and owner Thomas Lawrence; and that Thayer, Hurd & Co. were her consignees, and agents of the owner, who, in that capacity, received the insurance on her; and that they have failed to prove any privilege superior to that of the plaintiff, either on the vessel or the proceeds thereof; judgment was therefore rendered for the

plaintiff, against the defendants Lawrence, and the agents Thayer, Hurd & Co., with a privilege on the proceeds of the insurance money in the hands of the consignees, for the amount of the debt claimed, and costs.

Thayer, Hurd & Co. appealed.

*Roselius*, for the plaintiff and appellee, contended, that the proceedings and judgment in this case are regular, and that the appellants were properly condemned to pay the plaintiff's claim out of the funds of the schooner, in their hands as consignees. It is now too late to make objection to any irregularities in the form of the proceedings. *Code of Practice*, 344.

2. The only part of the judgment which can be revised, is that relating to Thayer, Hurd & Co., as they alone have appealed. Lawrence is not before the court, but he being personally liable, the appellants, as his agents, through whom he was cited, are liable for him, having received the indemnity money for the loss of his vessel.

3. It is well established that consignees, as such, can sue for the freight and insurance; and, as a consequence of this, they can be sued for the same demands.

4. The appellants claim a superior privilege on the funds in their hands for advances, debts, &c., of which there is no evidence in its support. But it is shown by the account of Thayer, Hurd & Co., that they had a considerable sum in their hands at the commencement of this suit, which they had collected as freight. Under the maxim of the maratime law, the privilege of the plaintiff attaches to the freight as the "mother of wages."

5. The plaintiff's claim is fully proved. The sea-letter or register of the vessel is the best evidence of the ownership of the vessel, which is corroborated by the testimony of the Spanish consul.

*Maybin* for the appellants, insisted that the Parish Court erred in rejecting his witness to show that Thayer, Hurd & Co. were not the agents of Lawrence, and conse-

quently were not liable, as agents or consignees, for any claim against Lawrence.

2. The proceedings against Lawrence are irregular and illegal, as no person was appointed to represent him, &c.

3. The plaintiff has no claim or privilege on the funds of the schooner, in the hands of Thayer, Hurd & Co. It is not a privileged claim, and this firm is no way accountable to the plaintiff; consequently, the judgment against them is erroneous.

*Bullard, J.*, delivered the opinion of the court.

In this case the plaintiff represents that the schooner Serafina and Thomas Lawrence the owner, are justly indebted to him in the sum of six hundred and ninety-one dollars five cents, for wages as captain of said schooner, and for advances made, and expenses paid on her account; that the Serafina was wrecked and lost in August, 1831, and was abandoned to the underwriters, who paid the amount of their insurance upon her to Thayer, Hurd & Co., as consignees of the schooner and agents of the owner, Thomas Lawrence of Matanzas, and that they have in their hands a large part of the same, so recovered from the insurance company. The plaintiff, averring that he has a privilege on the funds, as he would have on the vessel itself, if she had not been lost, prays for a provisional seizure, and that Lawrence the alleged owner be cited by his agents, Thayer, Hurd & Co., and that the latter may also be made parties; and he finally prays judgment against the owner, and also against the consignees for the amount of his claim, and that he may be paid by privilege out of the proceeds of the vessel, in the hands of the said Thayer, Hurd & Co.

Thayer, Hurd & Co. in their answers, deny that they are or ever have been the agents of Thomas Lawrence, or that he was the owner. They admit that as consignees of the Serafina, they had received from the Insurance Company the amount of the policy, and that they have yet in their hands the sum of one hundred and fifty dollars, over and above the

The creditor who proceeds against the property of his debtor by provisional seizure and sequestration, acquires no privilege thereon, until he has obtained a judgment, and execution issues on it.

The privilege of the captain of a vessel, for his services, advances made and expenses paid on her last voyage, does not extend to the insurance money received as indemnity on her bottom, paid by the underwriters, when she is lost or destroyed by the perils of the sea.

In voluntary sales of a ship or vessel, the creditor can pursue it, and exercise his privilege on it in the hands of the vendee ; and in forced sales the privilege attaches to the *price*, and the purchaser takes it free of incumbrance; but when the ship is lost, or perishes by the perils of the sea, the privilege is lost with it.

When goods are lost at sea, which are insured, they are not

amount of advances made by them as consignees, and which they have a right to retain.

Judgment having been rendered in favor of the plaintiff, for the amount of his claim against Lawrence, and against Thayer, Hurd & Co., as consignees, the latter appealed.

The right of the plaintiff to recover of the appellants, must depend upon the question whether he had by law, or has acquired by the proceedings in this case, any privilege or lien on the proceeds of the Serafina, in their hands. The plaintiff proceeded by provisional seizure, and the 724th article of the Code of Practice declares that provisional seizures and sequestration give no privilege to those who have made them, until they have obtained a judgment and order of execution on the property sequestered or provisionally seized. It is, therefore, clear that unless the plaintiff had a legal privilege on the funds, he acquired none by the proceeding in this case. It only remains, therefore, to inquire whether he had such privilege previously and resulting from the nature of his debt.

Among the privileges enumerated in the Civil Code, we find those of the captain and crew of a vessel, for wages on the last voyage, of freighters, material men and others, under various modifications and restrictions, *article* 3204. These privileges are declared to exist on the vessel or its price, when it has been sold. But the code does not contemplate a case like the present, when the vessel had been destroyed and lost by perils of the sea, and the sum insured upon her bottom paid by the underwriters. The code distinguishes between voluntary and forced sales of ships, in reference to privileges. In cases of voluntary sales, the ship itself may be pursued in the hands of the vendee ; in cases of forced sale, the right of the purchaser becomes irrevocable ; he owes only the price, and over it the creditors exercise their right of privilege, *article* 3207. In this last case the price, still in the hands of the purchaser or the officer making the sale, represents the thing itself. But the indemnity received from the insurers for the loss of the ship, either by the owner or his agent,

appears to us widely different. In the case of Thayer et al. <span style="float:right">EASTERN DIST.</span>
vs. Goodale, 4 *Louisiana Reports*, 221, this court held, that <span style="float:right">*March*, 1835.</span>
when goods are insured and lost at sea, they are not repre- <span style="float:right">AUBRY ET AL.</span>
<span style="float:right">*vs.*</span>
sented by the sum insured, and that the vendor's privilege <span style="float:right">CAJUS, EX'R. &c.</span>
does not extend thereto. The two cases are strongly <span style="float:right">represented by</span>
<span style="float:right">the sum or in-</span>
analagous; both are cases of alleged privilege, and in both <span style="float:right">surance money</span>
cases the thing itself, on which the privilege attached, had <span style="float:right">received from</span>
<span style="float:right">the underwri-</span>
perished, and the stipulated indemnity paid. Upon the <span style="float:right">ters, and the ven-</span>
<span style="float:right">dor's privilege</span>
principles and authorities established and relied on in that <span style="float:right">does not extend</span>
case, we think the plaintiff in this has no privilege on the <span style="float:right">thereto.</span>
funds in the hands of the appellants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed and annulled, the provisional seizure set aside, and judgment entered in favor of the defendants, Thayer, Hurd & Co., as in case of a non-suit, with costs in both cases.