## TURNER *vs.* STETTS, ALLEN & GILL.

[ASSUMPSIT ON THE COMMON COUNTS FOR MONEY HAD AND RECEIVED.]

1. *Construction of policy of insurance.*—A provision in a policy, that " property *held in trust*, or on commission, must be insured as such, otherwise the policy

Turner v. Stetts, Allen & Gill.

will not cover it," includes everything in which the insured has only a qualified interest, with the possession, while the ownership is in a third person.

2. *When assumpsit for money had and received does not lie.*—Assumpsit on the common counts cannot be maintained to recover money received by the defendant from an insurance company, under a policy effected by him, in his own name, on certain property some of which belonged to the plaintiffs, when the money was not received, either in whole or in part, on account of plaintiffs' property, and their property was not in fact covered by the policy.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JOHN GILL SHORTER.

This action was brought by the appellees, who sued as partners, against Matthew Turner, in September, 1852. The declaration contained all the common counts. The facts proved on the trial, as disclosed by the bill of exceptions, so far as they have any bearing on the points decided by the court, may be thus stated: In November, 1851, the plaintiffs purchased from the defendant, at a sale of the property belonging to Crawford & Turner, certain materials for making carriages, buggies, &c., amounting in value to $868, for which they executed their note. At the time of the sale, the defendant agreed with plaintiffs, that, instead of requiring them to give personal security for the payment of the purchase money, he would take their own note, and they might work up the materials, and defendant would either take their work and sell it, or they might themselves sell it and turn over to him the notes and accounts,—the proceeds to be credited on their said note. During the same conversation, one of the plaintiffs remarked, that they intended to insure the materials; whereupon the defendant replied, that it would be unnecessary, as he intended to insure the building in which the materials were, and which belonged to him, and that he would at the same time insure the materials in his own name; and the plaintiffs assented to this arrangement. In December, 1851, the defendant effected an insurance against fire, on said building and materials, to the amount of $8,000, in his own name, and in the same policy, and paid the entire premium; but it was not known to the agent of the insurance company who took the risk, that any other person than the defendant was interested in the property. The policy contained a stipula-

tion in these words: "Property held in trust, or on commission, must be insured as such, otherwise the policy will not cover such property; and, in case of loss, the names of the respective owners shall be set forth in the preliminary proofs of such loss, together with the respective interests therein." In May, 1852, the building and materials were consumed by fire. The defendant afterwards presented a claim to the insurance company for $8,000, which the agent of the company refused to pay, insisting that the policy was void, because the defendant had included in the policy property which did not belong to him; but he offered to pay the defendant two-thirds of the assessed value of all the property which he could prove to be his. The defendant could only prove that the building, which was assessed at $4,500, was his absolute property, and he refused to accept the agent's offer. After several interviews between the defendant and the agent, and on applications to the insurance company, the defendant accepted the $3,000 offered by the agent, and delivered up the policy. The agent refused to pay anything on account of the said materials, and the said $3,000 was paid entirely on account of the building.

"The court charged the jury, that if they found from the evidence that the defendant sold goods to the plaintiffs, on a credit; and that it was agreed between them that the goods should be worked up, and that the defendant should hold the manufactured article to sell, in discharge of the plaintiffs' said indebtedness, or that the defendant should have the proceeds of the sale of such articles, if sold, to be applied in discharge of the plaintiffs' debt; and that it was likewise agreed that the defendant should insure such goods, in his own policy, and in his own name, for the benefit of the plaintiffs and himself; and that he did afterwards insure them in his policy, in his own name, with his own property; and that he subsequently received $3,000 from the insurance company, in discharge of the entire policy, although the company paid this amount only in regard to the individual property of the defendant,—the plaintiffs would be entitled to recover their proportion of this sum, after deducting their proportion of the insurance money paid by the defendant."

The defendant excepted to this charge, and asked the court

to instruct the jury, " that if he (defendant) had no interest, absolute or qualified, in the plaintiffs' said materials included in said policy, and effected an insurance on said goods in his own name, the plaintiffs are not entitled to recover, although the defendant may have received the money from the company; which charge the court refused, and the defendant excepted."

The charge given, and the refusal to charge as requested, with other matters which it is unnecessary to notice, are now assigned for error.

CLOPTON & LIGON, and GEO. W. GUNN, for appellant.

ELMORE & YANCEY, *contra*.

GOLDTHWAITE, C. J.—The evidence disclosed by the record shows, that Turner, against whom the action was brought, had effected a fire insurance on a building of his own, and also on certain stock and materials belonging to Stetts, Allen & Gill, who were the plaintiffs below; that the insurance on all was taken by Turner in his own name, and in the same policy,—it not being known to the insurers that any other person than himself owned or was interested in the stock, &c.; and that the policy contained a condition, to the effect that it would not cover " property held in trust," or on commission, unless insured as such.

These words of the condition, as to trust property, are not to be construed in a strict or narrow sense (1 Phil. on Ins. 3 ed. 267), and must, therefore, be held to include every thing in which the assured had possession, and a qualified interest,—the ownership being in a third person; and with this clause in the policy, it is evident that the insurers would not be legally responsible, for any loss upon the materials and stock owned by the appellees, if not insured as trust property.

As the present action is for money received by Turner, to the use of the plaintiffs below, and if neither he nor the plaintiffs could have recovered of the insurers, and the money was not received by him, either in whole or in part, on that account, then it is clear that such money would not be received to the use of the plaintiffs, and they could not recover in this suit.

The first charge was in conflict with these views, as it as-

serted the right of the plaintiffs to recover, without reference to the legal liability of the insurance company, or whether the money received by the defendant was on account of it. The jury were instructed, in effect, that they must find for the plaintiffs, although the amount insured on their materials could not be recovered of the company, and was not paid. to, or received by the defendant, on account of the loss.

What we have said must, of course, be understood as confined to the present action. Had the defendant been sued for failing to cover the risk by his policy, a different question would have been presented.

Judgment reversed, and cause remanded.

Rice, J., having been of counsel in this case, did not sit.