REINTZEL (PEIRCE v.). See Case No. 10,-908.

REINTZELL (ROBERTS v.). See Case No. 11,911.

## Case No. 11,684.

### In re REIS.

### [3 Woods, 18.] [1]

Circuit Court, D. Louisiana. Nov. Term. 1876.

LANDLORD AND TENANT — LIEN FOR RENT — LOSS BY FIRE—BANKRUPTCY.

In Louisiana the privilege of a landlord for rent. upon the goods of his tenant, is lost by their destruction by fire, and does not attach to the insurance money.

[Appeal from the district court of the United States for the district of Louisiana.]

This was a contest between two creditors of the bankrupt. The only assets of the bankrupt estate were about $1.000 in cash in the hands of the assignee, being the insurance. received on certain goods and chattels which had been the property of the bankrupt, and had been destroyed by fire. Pohlman, one of the creditors, claimed to have a privilege on the fund by reason of the fact that he had been subrogated to the lien of the landlord of [Frederick] Reis upon the goods destroyed, which had been in the leased premises. The other creditor, Berthel. claimed by virtue of an attachment issued more than four months before Reis had been adjudicated a bankrupt, and by virtue of which the insurance money had been seized.

J. Tharpe. for Pohlman.

Messrs. A. Sambola and P. A. Ducros, Jr., for Berthel.

WOODS, Circuit Judge. If Pohlman has any lien at all, it is the elder and therefore the better one. The controversy turns upon the question whether Pohlman has any lien at all upon the fund. And this presents the question whether the lien of the landlord upon the goods of his tenant remains after the goods are destroyed by fire and then attaches to the insurance money. The jurisprudence of this state does not sanction such an idea. The lien and privilege is lost by the destruction of the property. Civ. Code, art. 3277; Thayer v. Goodale, 4 La. 221; Eymar v. Lawrence, 8 La. 42; Slark v. Broom, 7 La. Ann. 337. Such is also the rule of the French law. 4 Trop. Priv. & Mort. Nos. 889, 890; 20 Duranton, No. 328.

As Pohlman has lost his privilege by reason of the destruction of the property on which it rested, the claim of Berthel to priority of payment must be allowed. Decree of the district court affirmed.

1 [Reported by Hon. William B. Woods, Circuit Judge. and here reprinted by permission.]

## Case No. 11,685.

### REISER v. PARKER.

### [1 Lowell, 262.] [1]

Circuit Court, D. Massachusetts. May Term, 1868.

JUDGMENT—FOREIGN MONEY—MEASURE OF DAMAGES—RATE OF EXCHANGE.

1. In an action here to recover a certain number of pounds sterling payable in London. the measure of damages is the intrinsic value of the pounds measured in our dollars, which the evidence showed to be very nearly $4.86 to the pound.

2. Whether the rate of exchange can be regarded, quære.

3. The cases on the subject of allowing the rate of exchange considered.

4. The constitutionality of the legal tender acts was not considered, because that point would be more properly raised when the judgment was to be paid or collected.

Assumpsit by [Benedict Reiser] a resident of London, England [against F. E. Parker, administrator], to recover a balance of account of £849 6s. for goods sold. The case was submitted to the court, without a jury. and most of the facts were agreed in writing. Upon the rate of exchange at different times evidence was taken. The date of the writ. 15 September, 1864, was agreed to be the day of the breach by non-payment. At that time the pound was worth in United States treasury notes about eleven dollars, and at the time of the hearing it was worth about six dollars and sixty-four cents. According to the course of dealing between the plaintiff and the defendant's intestate, who was a resident of Boston, the money would have been remitted to London if he had lived. The question for the court was the amount for which judgment should be entered.

R. D. Smith, for plaintiff.

R. T. Paine, Jr., for defendant.

LOWELL. District Judge. The decided cases and the principles of law and of the theory and practice of exchange which bear upon the case, have been carefully and ably presented to us in the arguments of counsel, to which we must admit our great obligation. The plaintiff contends that we must treat the pound sterling as merchandise and assess its value, at the time of the breach, in the most usual currency of this country, according to the judgment in Essex Co. v. Pacific Mills, 14 Allen, 389; or, if not, that we must assess his damages according to the rate of exchange reckoned in currency. The defendant insists that we must give the real par of exchange in all cases. He contends, besides, that the legal tender acts are unconstitutional, and so the assessment must be in gold.

The question whether in an action for a

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]