## Case No. 7,430.

### The JOHN T. MOORE.

[3 Woods, 61; 7 Ins. Law J. 207; 4 Am. Law T. Rep. (N. S.) 406; 23 Int. Rev. Rec. 295; 9 Chi. Leg. News, 417; 2 Cin. Law Bul. 217; 4 Law & Eq. Rep. 505.] [1]

Circuit Court, D. Louisiana. April Term, 1877.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission. 4 Law & Eq. Rep. 505, contains only a partial report.]

M. M. Cohen, for the mariners whose wages had been rejected by the master.

B. Egan, for the furnishers of materials, supplies, and repairs.

R. De Gray, for Swift's Iron & Steel Works and Dennis Long.

C. B. Singleton, for John T. Moore & Co.

James McConnell, for W. G. Coyle & Co.

WOODS, Circuit Judge. It is conceded that the $24,000, the proceeds of the sale of the John T. Moore, is first subject to the payment of the costs and seamen's wages, amounting as reported by the master to the sum of $5,341.12. The residue, $18,658.88, is insufficient to pay all the claims preferred against it. It therefore becomes necessary to decide what claims are entitled to precedence. The first contest is between the claims for supplies, materials, and repairs furnished the boat in her home port, and the mortgages (above mentioned) to Swift's Iron & Steel Works and Dennis Long, and to John T. Moore & Co., and the recorded claims of W. G. Coyle & Co. The claims for materials and supplies furnished, and repairs done in the home port, cannot take precedence over the mortgage of John T. Moore & Co., and the recorded claims of Wm. G. Coyle & Co., for the supplies, etc., were furnished in the home port of the boat, and the claims therefor were not recorded under the state law so as to acquire a lien as against third persons. By article 3273, Rev. Civ. Code, debts due to creditors for supplies, labor, repairing, victuals, armament, and equipment are privileged on the price of ships and other vessels. But by article 3274 no privilege shall have effect against third persons unless recorded in the manner required by law in the parish where the property to be affected is situated.

The claims under consideration were never recorded, and, therefore, can have no effect as privileged claims over those creditors who have liens either by the maritime law, or who have liens by the fact that their claims have been recorded under either the laws of the United States or the state of Louisiana: The Lottawanna, 21 Wall. [88 U. S.] 558. In fact, it seems to be held in the case of The Lottawanna that such claims have no lien at all unless recorded. Even if recorded they must be postponed to the maritime lien. The mortgage claim of John T. Moore & Co., which was duly recorded according to law in the office of the collector of customs at New Orleans, will, with interest, be sufficient to absorb the entire fund remaining in the registry for distribution. As John T. Moore & Co. are entitled to priority over the claims for materials, supplies and labor furnished in the home port, and not recorded as required by the state law, these claims, represented by Simonds, original libelant, and certain intervenors, may be considered as out of the case. As the mortgage to John T. Moore & Co. was recorded long before the claim of W. G. Coyle & Co. was filed for record in the mortgage office of the parish of Orleans, the latter claim may also be considered as out of the case.

The next contention is between the mortgage claims of Swift's Iron & Steel Works and Dennis Long on the one hand, and the mortgage of John T. Moore & Co. on the other. As already seen, the mortgage to Swift's Iron & Steel Works and to Long was recorded in the office of the United States collector of customs at Cincinnati, on February 28, 1871. The mortgage to John T. Moore & Co. was recorded in the office of the United States collector of customs in New Orleans, the home port of the vessel, on January 4, 1872. So far as priority of record is concerned the mortgage to Swift's Iron & Steel Works and Long has the advantage. But in reply to this it is claimed by John T. Moore & Co. that as their mortgage was recorded in the custom house at the home port of the boat, and the other was not, their mortgage is the better one. This position is sustained by the act of congress, which declares that "no bill of sale, mortgage, hypothecation, or conveyance of any vessel or any part of any vessel of the United States shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector of customs where such vessel is registered or enrolled:" Rev. St. § 4192. And in the case of White's Bank v. Smith, 7 Wall. [74 U. S.] 646, the supreme court in construing this law declared that "the home port of the vessel is the port in the office of whose collector the bill of sale, mortgage, etc., should be recorded." So that it seems that the recording of the mortgage to Swift's Iron & Steel Works and Long, in the office of the collector of customs at Cincinnati, which was not the home port of the boat, was ineffectual as a record, and, so far as the record of these contending mortgages is con-

cerned, that of John T. Moore & Co., which was recorded in the proper office, has the advantage. But Swift's Iron & Steel Works and Dennis Long reply to this that conceding that the mortgage to John T. Moore & Co. has the advantage in registry, yet their mortgage is valid even if it had never been recorded as against the mortgagor and against persons having actual notice thereof, and that John T. Moore & Co. had actual notice of the mortgage to Swift's Iron & Steel Works and to Long before the execution or registry of the mortgage to them. An examination of the record upon the question of notice satisfies me that the decided preponderance of proof is in favor of the proposition that John T. Moore & Co. had notice of the mortgage to Swift's Iron & Steel Works and Long, before they took their mortgage from the owners of the John T. Moore. Under the terms of statute, and by the decisions of the courts, actual notice is equivalent to notice by registry: Patterson v. De La Ronde, 8 Wall. [75 U. S.] 292; Mills v. Smith, Id. 27; Cordova v. Hood, 17 Wall. [84 U. S.] 1; King v. Young Men's Ass'n [Case No. 7,811]; Planters' Bank of Georgia v. Allard, 8 Mart. (N. S.) 136; Bell v. Haw, Id. 243; Rachal v. Normand, 6 Rob. [La.] 88; Swan v. Moore, 14 La. Ann. 833; Smith v. Lambeth, 15 La. Ann. 566. As, therefore, John T. Moore & Co. had actual notice, before the execution of the mortgage to them, of the existence of the mortgage to Swift's Iron & Steel Works and to Long, their mortgage must be postponed to the latter one.

But counsel for John T. Moore & Co. claim that the mortgage to Swift's Iron & Steel Works and Long was not acknowledged before a notary public, or other officer authorized to take acknowledgment of deeds, and that the law (Rev. St. § 4193), having declared that "no bill of sale, mortgage, hypothecation, etc., of any boat shall be recorded" unless so acknowledged, the said mortgage is ineffectual to postpone the claim of John T. Moore & Co., even though they had notice of the same. I do not think this position can be defended. The law prescribes no formalities for the execution of a mortgage on a vessel so as to bind the mortgagor, or to postpone those having actual notice. This mortgage was for a debt contracted by her owners in the building of the vessel. The debt secured by it is confessedly just, the mortgage to secure it was executed by the owners of the boat in the presence of witnesses, and the contesting creditors, John T. Moore & Co., had notice of it. In my judgment it is binding on the mortgagors and those having notice of it without any registry. The acknowledgment before a notary is only necessary to secure registry. If the mortgagee is content to stand upon his mortgage without registry he can do so, and his mortgage is good against the mortgagor and all having actual notice. Until it is declared by law that a mortgage not acknowledged before a notary or other officer shall be void, a mortgage without such acknowledgment must be held good against the mortgagor and those having notice. By all the authorities, so far as the binding effect of the mortgage is concerned, subsequent incumbrancers with notice are placed on the same footing as the mortgagors themselves. In my judgment, therefore, the mortgage to Swift's Iron & Steel Works and Dennis Long is entitled to precedence over the mortgage to John T. Moore & Co.

This disposes of the main controversy in the case. The point decided is this: John T. Moore & Co. have a mortgage on the vessel sufficient in amount to absorb the fund remaining in the registry of the court. This mortgage has precedence over the unrecorded claims for materials and supplies furnished in the home port, and over the recorded claims for materials and supplies of Wm. G. Coyle & Co. If there were no other claims in the case, John T. Moore & Co. would be entitled to the entire fund remaining in the registry of the court. But Swift's Iron & Steel Works and Dennis Long have a mortgage ineffectually recorded, and, therefore, in effect, not recorded at all, which is older than the mortgage of John T. Moore & Co., and of which John T. Moore & Co. had notice before the date of their own mortgage. This fact of notice gives the mortgage to Swift's Iron & Steel Works and Long precedence over the mortgage of John T. Moore & Co., and entitles it to priority of payment over all the claims, even though, as between the mortgage to Swift's Iron & Steel Works and Long, and claims inferior to the mortgage of John T. Moore & Co., the latter would be entitled to priority if the mortgage of John T. Moore & Co. were out of the case: Brazee v. Lancaster Bank, 14 Ohio, 318; Holliday v. Franklin Bank of Columbus, 16 Ohio, 533.

Exception has been taken to the disallowance, by the master, of the claims of certain watchmen. The wages of these watchmen were earned, as appears from the report of the master, while the vessel was lying up. These wages do not, therefore, constitute an admiralty lien, and the master was right in rejecting their claims as liens upon the vessel: Phillips v. The Thomas Scattergood [Case No. 11,106].

Exception is also taken to the report of the master because he rejected claims of certain insurance companies for premiums on certain policies of insurance taken on the John T. Moore by her owners. I know of no law which gives a lien upon a vessel for the premium for an insurance taken on her by her owners for their own benefit. It is a contract with the owner for his own benefit. It does not aid the vessel. In case of loss the maritime liens upon the vessel are displaced and do not follow the insurance money. The money goes to the owner for his own benefit, and not to the lienholder who may insure his own interest: Thayer v. Goodale, 4 La. 221;

Steele v. Franklin Fire Ins. Co., 17 Pa. St. 290; Turner v. Stetts. 28 Ala. 420; White v. Brown, 2 Cush. 412; Stilwell v. Staples, 19 N. Y. 401; Slark v. Broom, 7 La. Ann. 337. The master was right, therefore, in deciding that the claims of the insurance company for premiums were no lien upon the vessel.

Let a decree be entered in accordance with the views above expressed.