## Frank Lindley, Assignee of C. H. Beckwith, and Cook, Bell & Black v. A. R. Orr, Assignee of W. B. Cauble, Insolvent, et al.

1. INSURANCE—*Who Entitled to the Proceeds.*—No person except the assured, or his assignee, can rightfully claim the proceeds of a policy of insurance by reason of having a lien against the insured property unless by agreement, or unless the insurance was effected in whole or in part for his benefit.

2. SAME—*Policies Are Personal Contracts.*—Policies of insurance against loss by fire are personal contracts with the assured and do not attach to the property insured, or in any manner go with the same as an incident to a conveyance or transfer of the title, or the creation of a lien thereon, without express agreement or manifest intention on the part of the assured that the insurance was effected for the benefit of such person interested in the property.

3. SAME—*Property May be Insured for the Protection of Third Persons.*—By an agreement to insure for the protection and indemnity of another person, having an interest in the subject of the insurance, the assured may give such person an equitable lien upon the money due upon the policy to the extent of such interest.

4. SAME—*Rights of Lien Holders.*—A mere lien upon the property insured does not give the holder of the lien a claim upon the policy which the owner of the goods has obtained for the protection of his own interest therein; although the insured is personally liable to pay the debt and which is a lien upon the property insured.

5. SAME—*Right of Mortgagees.*—A mortgagee has no right to claim the benefit of a policy underwritten for the benefit of the mortgagor on the mortgaged property in case of a loss by fire. The contract is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor.

6. SAME—*Right of Intervention.*—A mortgagor can not recover insurance money from a mortgagee except under such circumstances; nor a mortgagee from a mortgagor; nor a debtor from a creditor. In order to give the right to intervene between the insurer and insured, the party intervening must have some relation to, or concern with, the contract of insurance.

7. SAME—*Rights of Execution Creditors.*—A creditor who acquires title to an estate under a levy of execution has no relation to, or concern with, a contract of insurance between the former owner of the estate and the insurers, upon which to found a claim upon the realty for the amount of the loss or any part of it.

8. SAME—*A Personal Contract.*—The contract of insurance is a personal contract and does not run with the title to the property, or with

the subject-matter of insurance, unless by special stipulations wholly foreign to itself, either interpolated in the contract or in addition thereto.

9. SAME—*Satisfaction—To Whom to be Made.*—Satisfaction. is to be made to the person insured for the loss he may have sustained.

Voluntary Assignments.—Appeal from the County Court of Vermilion County; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

PENWELL & LINDLEY, attorneys for appellants.

O. A. MCFARLAND, attorney for Wadsworth-Howland Company; H. M. STEELY, attorney for A. R. Orr (assignee), appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellants obtained judgments and executions against W. B. Cauble, which were valid liens against his real and personal estate, and pending the same and before a levy of the executions had been made, Cauble made assignment of all his property to appellee Orr for the benefit of creditors, under the provisions of the act concerning voluntary assignments. Previous to the assignment the insolvent had insured the property, taken the policies payable to himself, with no mention or reference therein to any creditors or class of creditors, with the exception that one of the policies contained the clause that the loss should be payable to the building association as its interest might appear, it being a mortgagee. After the assignment all the property covered by the insurance, except a drug store located at the postoffice in the village of Sidell, was destroyed by fire. The premiums on some of the policies not having been paid by the insolvent, were paid by appellee from funds in his hands as ˊassignee. After paying the mortgage of the building association, $3,341.68 of the proceeds of the insurance policies remained in the hands of the assignee for distribution, as well also as $216, the net proceeds of sale of the postoffice drug store, and it may be other assets of doubtful value, not necessary to be mentioned here as affecting the decision of the case.

In the County Court appellants, as judgment and execution creditors of the insolvent, claimed a priority and lien under their several judgments and executions upon the proceeds of the insurance policies in the hands of the assignee, but the court by its order denied such claim for priority, and relegated appellants to the position of general class creditors in respect to such fund, except to $216, the proceeds of the sale of the undestroyed drug store, from which order appellants prosecute this appeal, and renew their insistence in this court that the proceeds of the insurance policies in the hands of the assignee stands in the place of the property upon which their liens existed and that by operation of law, and especially as a principle of equity jurisprudence, their liens and claims for priority are extended to the fund, with the same force that existed against the property itself. There is no claim that the insurance was effected by the request of appellants or any of them, or that the insolvent or his assignee had agreed to insure, or that it was specially intended for the benefit of appellants. The question arising for decision, therefore, is whether any person except the assured or his assignee, after loss, can rightfully claim from the party to whom the loss has been paid, the proceeds of the policy or any part thereof, by reason of having a lien against the property itself merely, unless by agreement, or unless the policy was intended or the insurance was effected in whole or in part for his benefit.

Counsel for appellants have cited numerous cases in the Supreme Court of this State which they contend support their position. We do not find that the point in question here arose for decision in any of the cases to which we have been referred, and so far as we know it has not been decided by the court of last resort in this State. Amongst other jurisdictions the authorities are not in entire harmony upon it, but upon examination we are of the opinion both the weight of authority and the better reasoning is against the contention of appellants, and that the true rule is that policies of insurance against loss by fire are personal contracts

Lindley v. Orr.

with the assured, which do not attach to the property insured, or in any manner go with the same as an incident to a conveyance or transfer of the title, or the creation of a lien thereon, without express agreement or manifest intention on the part of the assured that the insurance was effected for the benefit of such person interested in the property.

In some of the adjudged cases, notably in this State, the benefit of the insurance has been conferred upon persons regardless of the restrictions we have specified, but the right in such cases grew out of the equitable doctrine of rescission and restoration, by which the chancellor may adopt the most ready means discernible to renew the *status quo* of the parties, and is wholly inapplicable to the case under consideration. In Carter v. Rockett et al., 8 Paige (Ch.), 437, it was said :·

" A contract of insurance against fire, as a general rule, is a mere personal contract between the assured and the underwriter to idemnify the former against the loss he may sustain. But the assured, by an agreement to insure for the protection and indemnity of another person having an interest in the subject of the insurance, may unquestionably give such third person an equitable lien upon the money due upon the policy to the extent of such interest. But a mere lien upon the property insured does not give the holder of that lien a corresponding claim upon the policy which the owner of the goods has obtained for the protection of his own interest therein; although the assured is personally liable to pay the debt which is a lien upon the property insured. (Neale v. Reid, 3 Dowl. & Ryl. 158; Beaumont on Fire and Life Ins., 77.) Here the defendant Rockett is personally liable for the payment of $5,000 on one of the mortgages upon the premises; but as there was no agreement, either express or implied, that he would cause the premises to be insured for the protection of the rights of the complainant, or of his mortgagee, they have no better claim than any other creditors of Rockett to the fund which is due to him from the insurance company."

In C. I. Co. v. Lawrence, 10 Pet. (U. S.) 507, it was said by Justice Story, delivering the opinion of the court:

" We know of no principle of law or equity by which a

mortgagee has a right to claim the benefit of a policy under-written for the mortgagor on the mortgaged property in case of a loss by fire. It is not attached or an incident to his mortgage. It is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor. Lord Chancellor King, in Lynch v. Dalzell (3 Bri. Parl. Cases, 497; 2 Marshall on Insurance, book 4, ch. 4, p. 803), took notice of this distinction, say-ing, ' these policies are not insurances of the specific things (goods) mentioned to be insured, nor do such insurances attach to the realty, or in any manner go with the same as incident, by any conveyance or assignment; but they are only special agreements with the persons insured against such loss or damage as they may sustain.'" See also Car-penter v. P. W. Ins. Co., 16 Pet. (U. S.) 495.

In 2 May on Insurance (3d Ed.), Sec. 456, p. 1040, the author says:

"Indeed it may be stated, as a general rule, that no one, except the nominal assured, or his assignee, after loss, can claim either from insurers or from the party to whom the loss has been paid, any part of the proceeds of a policy unless by express agreement, or unless the policy covered property in which the claimant had an interest, and was intended and was effected in part, or in whole, for his bene-fit and at his expense. (Steele v. Franklin Ins. Co., 17 Pa. St. 290; Turner v. Stetts, 28 Ala. 420; Galyon & Co. v. Ketchen, 85 Tenn. 55.) Thus a mortgagor can not recover from a mortgagee except under such circumstances; nor a mortgagee from a mortgagor; nor a debtor from a creditor. In order to give the right to intervene between the insurer and the insured the party intervening must have some relation to, or concern with, the contract of insurance. * * * A creditor who acquires title to an estate under a levy of execution * * * has no relation to, or concern with, a contract of insurance between the former owner of the estate and the insurers upon which to found a claim upon the realty for the amount of the loss or any part of it."

In Sec. 6, 1 May (3d Ed.), p. 7, the author says:

" It is also a personal contract and does not run with the title to the property (Quarles v. Clayton, 87 Tenn. 308); whether the subject-matter of insurance be a ship or a building or a life, or whatever else it may be, although in popular language it may be called an insurance upon the

ship or building or life, or some other thing, yet it is strictly an agreement with some person interested in the preservation of the subject matter to pay him a sum which shall amount to an indemnity, or a certain sum agreed upon as an indemnity.   *   *   *   It is a mere special agreement with a party seeking to secure himself against apprehended loss on account of his interest in a particular subject matter, and not at all incidental to or transferable with the subject-matter.   (Carpenter v. Providence Wash. Ins. Co., 16 Pet. U. S. 495.)   The contract of insurance does not run with the subject-matter of insurance, unless by special stipulations wholly foreign to itself, either interpolated in the contract or in addition thereto. . Satisfaction is to be made to the person insured for the loss he may have sustained; for it can not properly be called insuring the thing, since there is no possibility of doing it, and therefore must mean insuring the person from damage."

Neither the assured nor his assignee having agreed or disclosed any purpose or intention to insure the property for the benefit of appellants, they have no better claim to the proceeds of the policies than any other creditors of the insolvent, and the order of the County Court was therefore right, and it will be affirmed.