### Elijah Zenor et al. v. J. Fremont Hayes.

1. INSURANCE—*who entitled to proceeds as between vendor and vendee.* The vendee of land is entitled to the proceeds of insurance which he has maintained for his own benefit upon the land agreed to be conveyed to him where he was under no contract obligation to insure for the benefit of his vendor.

Bill in equity.  Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.  Heard in this court at the May term, 1906.  Affirmed.  Opinion filed November 27, 1906.

WELTY, STERLING & WHITMORE, for appellants.

STONE & OGLEVEE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

April 1, 1905, Elijah Zenor and wife, appellants, gave to appellee their bond for a deed, whereby they agreed to convey to appellee certain real estate upon payment of $7,000, as follows:  $500 in cash and the balance, $6,500, on February 1, 1910, with interest at the rate of 5 per cent. per annum, appellee to have the option of paying $100 or any multiple thereof at any interest paying time.   It was further agreed that in case the principal debt should by payments be reduced to $4,000 before February 1, 1910, a deed should be made

and a mortgage taken back for the unexpired term to secure the unpaid purchase money.

The instrument contained the usual provisions as to forfeiture for non-payment of interest and taxes, but contained no provision with reference to insurance on the buildings. There was then on the premises a house, barn and carriage house worth about $3,000, which buildings were insured for $1,100 in the Old Town Mutual Fire Insurance Co., under a policy of insurance written in the name of appellant, Elijah Zenor. The policy was assigned by said Zenor to appellee, Hayes. On September 1, 1905, all of said buildings were destroyed by fire. Appellee, Hayes, was insolvent, and the land without the buildings did not exceed in value $5,000, being less than the unpaid balance of the purchase money. Appellants filed their bill in equity in the Circuit Court of McLean county, alleging the foregoing facts and praying that the insurance money should either be applied on the unpaid balance of the purchase money or be placed in buildings on the premises. It was stipulated that the insurance company should pay the insurance money to the clerk of the court for the benefit of the party entitled to it, and that the suit should be dismissed as to the insurance company, which was done. Appellee interposed his demurrer to the bill, which was sustained by the court and appellants electing to abide their bill, the same was dismissed for want of equity.

Appellants assert their right to the insurance money upon the principle, as stated by them, that as between the vendor and vendee, the insurance money in case of the destruction of the property, represents the property itself, and in equity the insurance money should be appropriated to the vendor, in case of the insolvency of the vendee. While the rule has been thus broadly stated in Grange Mill Co. v. Western Assurance Co., 118 Ill. 396, it is in its application subject to qualification. In the Grange Mill case, *supra,* the right of the vendor to the insurance money was predicated upon

the fact that the vendee had agreed at the time of the sale, and as a part of the contract, that he would have the property insured for the benefit of the vendor. The case of Cromwell v. Brooklyn Fire Ins. Co., 44 N. Y. 42, cited by the court as supporting the doctrine announced, was also a case in which the vendee had agreed to procure insurance upon the property for the benefit of the vendor. And in the Cromwell case it was expressly held that if the vendee had procured the insurance for his own benefit without any agreement to insure for the benefit of the vendor, the latter could not have claimed any benefit from the insurance.

In Mitchell v. McDougall, 62 Ill. 498, and Phoenix Ins. Co. v. Mitchell, 67 Ill. 43, the same doctrine was applied in a case where a bill had been filed by the vendor against the vendee to set aside a deed on the ground of fraud, and the deed having been set aside, it was held that the vendor was entitled to the insurance money under a policy of insurance procured by the vendee, where the property had been destroyed during the pendency of the proceedings. These are undoubtedly the cases to which this court referred in Lindley v. Orr, 83 Ill. App. 70, when it said: "In some adjudged cases, notably in this state, the benefit of the insurance has been conferred upon persons regardless of the restrictions we have specified, but the right in such cases grew out of the equitable doctrine of recission and restoration, by which the chancellor may adopt the most ready means discernable to renew the *status quo* of the parties and is wholly inapplicable to the case under consideration." Appellants and appellee, as vendors and vendee, respectively, each had an insurable interest in the property destroyed by fire. Grange Mill Co. v. Western Assurance Co., *supra.*

In Lindley v. Orr, *supra,* it was held that policies of insurance against loss by fire were personal contracts with the insured, which did not attach to the property insured, or in any manner go with the same

116    'Appellate Courts of Illinois.

Vol. 130.]    Mer. & Farm. St. Bk. v. Fearman.

as an incident to the conveyance or transfer of title, or of the creation of a lien thereon without express agreement, or manifest intention on the part of the assured that the insurance was effected for the benefit of such person interested in the property.

In the case at bar, there was no agreement by appellee to procure insurance for the benefit of appellants, and at the time the contract of sale was entered into, appellants had insurance upon the property, which they voluntarily assigned to appellee without reservation. This insurance appellee has since kept good for his own benefit to indemnify his insurable interest in the property. Each party having an insurable interest in the property, it appears that appellee protected his, while appellants did not. Appellants, therefore, have no ground of complaint. Ely v. Ely, 80 Ill. 532.

The chancellor properly sustained the demurrer to the bill and the decree will be affirmed.

*Affirmed.*