On the Merits.'
O’NIELL, J.
On the 3d of August, 1910, Mrs. M. C. Staples gave a special mortgage on her vacant lot in favor of Gus Beck, to secure the payment of a note for $5,500 ; and the act was recorded in the mortgage office on that day. Six days later she entered into a contract with E. B. Vasque'z, a contractor, for the building of a residence on the lot. The contract and bond for $2,500, with the National Surety Company as surety for the contractor, were recorded in. the mortgage office on the day they were signed; that is, on the 9th of August, 1910.
The building was completed and accepted on the 4th of November, 1910; and the owner then owed the contractor a balance of $540; that is, the last installment of $500 due under the contract and $40 for extras. She filed a concursus proceeding against the contractor and the several workmen and materialmen whose claims were recorded against *605 the property, but she afterwards withdrew the suit.
On the 30th of January, 1914, Mrs. Staples having died, James Brown, who had acquired the mortgage note of Gus Beck, instituted executory proceedings against the surviving heirs of Mrs. Staples, namely, M. C. Staples, Jr., Mrs. Rosine E. Staples Davis, and Allen T. Staples, for the balance of $4,200 due on the mortgage note. The property was seized and sold by the sheriff, and the proceeds, amounting to $3,000 in cash, were deposited into the registry of the court.
The plaintiff, Brown, then proceeded by rule against the contractor and the workmen and materialmen, who were ordered to show cause why their liens should not be canceled and their claims on the proceeds of the sale declared subordinate to the plaintiff’s mortgage.
The National Surety Company intervened, alleging that it had paid claims against the contractor for materials used in the building to the extent of $533.89, and was liable for the payment of a judgment for $515.80 for other materials used in the building. The judgment referred to hád been rendered against the contractor, Vasquez, and the National Surety Company, in solido, in the suit of Harry C. Meyer Company v. E. B. Vasquez et al. (no opinion rendered), then pending on appeal. The judgment was affirmed by the Court of Appeal, a writ of review was denied by this court, and the judgment was paid by the National Surety Company after the intervention was filed in the present suit. The intervener alleged that it was subrogated to the contractor’s lien to the extent of the $540 due him.
The contractor, Vasquez, in answer to the petition of the mortgage creditor, acknowledged that the National Surety Company had been subrogated to his lien securing the balance of $540 due by the owner of the property.
W. M. Grünewald, transferee of the mortgage note of James Brown, in answer to the petition of intervention of the National Surety Company, denied that the latter had a lien on the property, and pleaded the prescription of three years against the claims to which the surety company asserted subrogation.
Judgment was rendered in favor of the mortgage creditor, ordering that all of the proceeds of the sale be paid to him and that all of the liens recorded against the property be canceled. The National Surety Company appealed. W. M. Grünewald died pending the appeal, and the executrix of his will was, on her motion, made a party hereto as appellee.
The appellant filed a motion to have the appearance of the executrix of the will of W. M. Grünewald disregarded, on the ground that his pleading in the district court was in the nature of a replication or answer to the answer of the National Surety Company.
There is no merit in this motion. The pleading of W. M. Grünewald in the district court was not a replication or an answer to an answer. It was an answer to the petition of intervention of the National Surety Company.
Although the National Surety Company has paid claims against the contractor amounting to $1,049.69, the surety company is only claiming in this suit the balance of $540 due by the owners of the property to the contractor.
The debts for materials sold to the contractor on open accounts were subject to the prescription of 3 years, but that plea cannot prevail against the demand off the National Surety Company. The claim to which the latter asserts subrogation is the balance due to the contractor under his contract, to which the prescription of 10 years only applies.
[2; 3] Subrogation to the claim of the con *607 tractor and to the lien securing it took place in favor of the workmen and materialmen by operation of the law, by the filing of their attested accounts with the owner of the building and having them recorded in the mortgage office within 45 days after the completion of the building, according to the provisions of Act No. 134 of 1906. There is no merit in the contention that, under article 3274, R. C. 0., the liens of the workmen and materialmen became subordinate to the mortgage by the failure of the workmen and materialmen to record their attested accounts in the mortgage office within 7 days from the date of these obligations. That would have been the result of their failure to file and record their sworn accounts within the 7 days if the contract for the construction of the building had not been recorded, e. g., if it had been for less than $1,000 and therefore had not required registry, under Act No. 134 of 1906. If the contract for the construction of the building had not been recorded, the only lien that a workman or furnisher of material could have acquired on the property would have been the lien that would result from the registry of his attested account, or other evidence of the debt, in the mortgage office, according to article 3272, R. C. C. See Carolina Portland Cement Co. v. Southern Wood Distillates & Fibre Co., 137 La. 469, 68 South. 833. But the lien securing the amount due to the contractor, Vasquez, under his building contract, retained its superiority over the pre-existent mortgage on the property, by the registry of the contract within 7 days after its date and before the date fixed for the commencement of the work. Subrogation to that lien, to the extent of the balance then due to the contractor, took place in favor of the workmen and material-men when they filed their sworn statements with the owner of the building and had them recorded in the mortgage office within the 45 days after the completion of the contract for the construction of the building.
The appellee contends that there is not sufficient proof that the sworn accounts of the materials sold to the contractor and used in the building were filed with Mrs. Staples, the owner of the building, as required by Act No. 134 of 1906. Our conclusion, however, is that the proof of compliance with this provision of the statute is ample. The attorney who represented Mrs. Staples in the concursus proceeding, in which she took cognizance of the registry of these sworn accounts, testified on the trial of this rule that these attested accounts were all handed to him by Mrs. Staples; and her heirs, who are the defendants in the executory proceeding and parties to this rule, admitted in the suit of the Meyer Co. v. Vasquez et al., that these attested accounts were properly served or filed.
[4] The National Surety Company became subrogated to the lien in favor of the contractor to the extent of the balance due him by the owner of the property, by the operation of law, when the surety company paid thecdebts due by the contractor for labor done or material furnished in the construction of the building.
“A surety who pays the debt is subrogated ipso facto to the rights of the creditor.” Curtis v. Kitchen, 8 Mart. (O. S.) 706; Randolph v. Stark, 51 La. Ann. 1121, 26 South. 59.
“With regard to that remedy, the surety has the same right of action and the same privilege of subrogation, which the law grants to codebtors in solido.” R. C. C. 3053.
The plaintiff introduced in evidence a document dated the 31st of January, 1913, signed by the contractor, Vasquez, acknowledging receipt of the balance of $540, and authorizing the cancellation of his lien. This evidence was objected to by counsel for the surety company on the ground that payment had not been pleaded. Our opinion is that the objection should have been sustained. However, the document did not affect the *609 rights of the workmen and materialmen who had properly filed and recorded their attested accounts and had become subrogated to the lien of the contractor. Mr. Vasquez testified that he had signed the document in consideration of the promise that all of the claims secured by liens for work done and material used on the building would be paid, and that he had received only $20 of the balance of $540 due him. This payment of $20 should not be charged to the accounts of the workmen or materialmen who had become subrogated to the claim of the contractor, nor to the account of their subrogee, the National Surety Company.
The judgment appealed from is annulled, and it is ordered, adjudged, and decreed that the appellant, the National Surety Company, be paid $540 of the proceeds of the sale of the property in this foreclosure proceeding in preference to the demand of the appellee, the mortgage creditor, and that the latter pay the costs of this appeal.