————————o————————

### No. 6328.

## UNITED STATES FIRE INSURANCE CO. vs. FRED. G. MEYER, ET AL.

### Syllabus.

One who has a lien only in the insured property has no claim to the insurance money realized by the insured in the event of a loss of the property, for a claim on the insurance money can only arise out of a contract.

Appeal from the Civil District Court for the Parish of Orleans, Division ''C,'' No. 106,368. Honorable E. K. Skinner, Judge.

Caffery, Quintero & Brumby, for plaintiff and appellee.

A. J. Rossi, for defendant and appellant.

J. B. Rosser, Jr., attorney.

Thomas Brown, in p. p.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Defendant, Meyer, insured his building then in course of construction, the policy also covering building materials in and around the premises.

Being in need of money to carry on the construction, he borrowed of Mrs. J. D. Taylor $1,500, and to secure the same mortgaged the premises and had the policy made payable to the holder of the mortgage note.

When the building was practically completed it was destroyed by fire, and the loss was adjusted and about to be paid to Mrs. Taylor. But the Crescent City Manufacturing Company put in a claim for the proceeds asserting a lien upon the building for materials furnished.

This concursus then followed.

The trial Judge rejected the claim of the C. C. Manfg. Co., on the ground that its lien was not recorded within seven days as required by law, **C. C., 3174,** which was a fact.

It is claimed that Mrs. Taylor was not a **third party** to the construction going on; but this claim is founded neither on fact nor in law. Mrs. Taylor simply lent her money and had no concern with the use to which Meyer intended to put it. Nor yet would the fact that she had loaned her money to Meyer even for the express purpose of paying for material and labor to construct a building make her a party to his purchases and contracts on that score. She was a third party to all of these.

Moreover, the claim of the 'C. C. Mnfg. Co. is evidently founded upon the theory that the proceeds of an insurance policy stand in lieu of the property destroyed, and that liens upon the property attach to such proceeds.

But this is erroneous. Our Supreme Court has three times decided to the contrary.

> Thayer vs. Goodale, 4 La., 221; Eymar vs. Laurence, 8 La., 38; Slark vs. Broom, 7 An., 337.

The Cyclopedia of Law and Procedure (Cyc., Vol. 19, p. 887) thus lays down the rule, supporting it by abundant authority:

> "One who has a lien only on the insured property has no claim to the insurance money realized by the insured in the event of a loss of the property, for a claim on the insurance money can only arise out of a contract."

Judgment affirmed.

Opinion and decree, March 15th, 1915.