## Asa H. Hursey et al. *v.* Hassam & Pooley.

1. Petition to enforce mechanic's lien — objection to jurisdiction and statute of limitations must be pleaded. — The objection to the jurisdiction of the court and the defense of the statute of limitations cannot properly be made by demurrer to a petition to enforce a mechanic's lien. As a general rule these defenses can be made only by special pleas.

2. Whether lien exists is a question of law to be determined by the court. — Whether a lien exists in a particular case is a question of law for the court, and should not be submitted to the jury.

3. Petitioner under mechanic's lien law not entitled to general judgment, if he has no lien. — If the plaintiff fails to establish his lien, in a proceeding under the statute to enforce a mechanic's lien, he is not entitled to a general judgment against the defendant, even though he was actually served with process and appeared and pleaded.

4. Statute of limitations — mutual and open current accounts — when the statute of limitation commences to run. — It is error to instruct the jury that, when there is a running account between parties with no agreement about the time of payment, it is not considered due until made out and presented.

5. Same — mechanic's lien barred, if six months elapse after claim due, before suit brought. — On the trial of issue joined upon the defense of

the statute of limitations in a proceeding to enforce a mechanic's lien, it is erroneous to refuse to instruct the jury, at defendant's request, that they should find for the defendant, if the suit was not commenced within six months after the claim was due and payable.

6. WEIGHT OF EVIDENCE A QUESTION FOR THE JURY — VERDICT SHOULD BE FOR DEFENDANT IF THEY BELIEVE FROM THE EVIDENCE THE CLAIM WAS PAID BEFORE SUIT. — Upon trial of the defense of payment, where there is evidence tending to prove payment of the claim sued on, it is erroneous to refuse to instruct the jury, at the instance of defendant, "that the jury are the judges of the weight of evidence, and, if they believe from the evidence that the account sued was paid before the suit was brought, they must find for the defendant."

7. MARITIME LIEN — DOES NOT EXIST IN HOME PORT OF VESSEL, EXCEPT AS PROVIDED BY STATE LAW. — Where repairs have been made or necessaries have been furnished to a foreign ship, or to a ship in the port of the state to which she does not belong, the general maritime law, following the civil law, gives the party a lien on the ship itself for his security, and he may well maintain a suit *in rem*, in the admiralty, to enforce it. But in respect to repairs and necessaries in the port of the state, in which the ship belongs, the case is governed altogether by the municipal law of the state, and no lien is implied, unless it is recognized by that law.

8. SAME — COMMON LAW ON THIS SUBJECT. — By the common law material, men and mechanics, furnishing repairs to a domestic ship, have no particular lien upon the ship itself for the recovery of their demands.

9. SAME — SAME — STATES MAY CREATE LIENS AND PRESCRIBE MODE OF THEIR ENFORCEMENT. — A maritime lien does not arise in the contract for materials and supplies furnished to a vessel in her home port; and in respect to such contracts, it is competent for the states, under the decisions of the supreme court of the United States, to create such lien as their legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement. But in all cases where the maritime lien arises, the original jurisdiction to enforce the same by a proceeding *in rem*, is exclusively in the district court of the United States.

10. SAME — SAME — FOREIGN AND DOMESTIC SHIPS — MODE OF PROCEEDING IN THE RESPECTIVE CASES FOR DEBTS, SUPPLIES AND REPAIRS. — Material men may proceed in the case of supplies, repairs or other necessaries furnished to a foreign ship, or to a ship in a foreign port, against the ship and freight *in rem*, or against the master or owner alone, *in personam*. In the case of a domestic ship, the right of action for supplies, repairs or other necessaries is limited to an action *in personam*.

ERROR to the circuit court of Hancock county. CHANDLER, J.

*Harris & Withers*, for plaintiffs in error.

1. The demurrer to the declaration set forth, for cause, the exclusive jurisdiction in admiralty, and that the lien

was barred by time. On the first cause we cite, 20 How. (U. S.) 393 ; 4 Wal. 556 ; 21 How. (U. S.) 248. There was, also, a plea of the limitation of six months (Code, 328, art. 6), and that the contract was parol.

2. After the proof was all closed, the court directed a special verdict on two points : 1st. Whether the suit was brought within six months after the debt was due ; 2d. Whether the account was a lien on the vessel. This was a wrong exercise of the power given in the Code, which contemplates the direction and formation of the issues to be made before the evidence is introduced. And, besides, it propounded to the jury an issue of law : for it is plain that it is for the court to decide whether a lien exists under the statute.

3. From this evidence it is perfectly obvious that the lien was lost by delay.

It was a grievous error to charge the jury that an open account is only due from the time it is made out and presented, on demand. A note or account payable on demand authorizes an immediate suit without demand ; and the statute of limitations begins to run from the time suit may be brought.

" Where the note is payable on demand, the statute begins to run as soon as the note is made." A receipt for money loaned, whereby the borrower agrees to pay "whenever called on," puts the statute in motion the instant it is made. 3 Parsons on Cont. 92.

The account and dealings of parties was brought to a close 28th December, 1867. The account was made out and shown to Hursey as early as January, 1867, and Hassam's own testimony shows there was no agreement for time. Johnson v. Pyles, 11 Smedes & Marsh. 189 ; 12 ib. 14 ; 3 Parsons, 93, at the bottom. The law holds the account to be due as soon as closed, at the time the party furnishing materials has finished his engagement, unless there be a special agreement for time. Here the evidence is that there was no such agreement. Indeed, the plaintiff

himself says the items were due on delivery, and does not prove any agreement to give time.

Art. 6, Code, p. 328, restricts the lien on parol contracts to cases in which the suit is brought within six months after the debt is due. It would be a plain violation of the spirit of this law to allow a mere parol agreement creating a lien to continue to fetter the property for an indefinite time at the option of the claimant. The doctrine that an account for lumber and materials is only due from the time it is made out and presented for payment has no foundation in the law. It was due 28th December, 1867. Clearly suit might have been brought on that day without a special contract for time, and no such contract is shown.

4. The instructions granted are manifestly wrong. The first, overlooking the issues and the effect of the verdict, directs a verdict for plaintiff if any part of the account be proved. Suppose no part was proved but the delivery of "corn" and "stores" and the cash items, and suppose the debt was due in 1867. The third instruction propounds a pure question of law to the jury. The sixth is erroneous on the reasoning above. The first instruction asked and refused for defendants should have been given, for it applied to the very issue directed by the court. How the judge could refuse the fourth it is hard to see. Under a plea of payment, *actual* payment may be shown, notwithstanding offsets may be filed and no proof offered under it. The fifth propounds a plain rule of law applicable to the plaintiff's evidence. The sixth refused is unexceptionable. It is clear the court misconceived the law and constrained a verdict contrary to both law and evidence. The judgment subjecting the vessel was clearly erroneous.

The terms of the declaration show that there was no lien. It states an indebtedness; and then a promise to pay at a future day. Certainly we cannot allow parties to protract a lien on an existing indebtedness by a subsequent promise to give time. Tacit liens are not favored ; the limitation is a salutary restriction which should not be relaxed.

*George L. Potter*, for defendants in error.

1. The defendants in the court below demurrred to petition for want of jurisdiction, the claim pertaining to admiralty. This is a mistake. There is no maritime lien for materials in *building* a vessel, and none under a contract made with the owner, and to be performed in the home port. There can be no maritime lien in such a case. 20 How. 401, 402 ; Roach v. Chapman, 23 ib. 129. The only lien on this schooner is that given by the state law. In such a case, there being no maritime contract, the decisions are express that the lien may be enforced by the state court. The Belfast, 7 Wall. 645, 646 ; Roach v. Chapman, 23 How. 132 ; McGuire v. Card, 21 ib. 251.

But if this were not so, the petition does not show that this schooner was intended to be used in commerce, in the sense of maritime law ; but does aver that it has not been enrolled nor licensed under the acts of congress. There is, therefore, no point in the demurrer for want of jurisdiction.

Another ground of demurrer was, that suit was not brought within six months, etc. This was a mistake in fact ; and moreover, the objection must be taken by plea as in other cases where a statute of limitations is relied on.

2. To pleas of limitations of six months, plaintiffs reply that suit was brought within time. It will be noticed there are two pleas of limitation ; but they are the same in substance, and this replication is sufficient for both. It is true, one of these pleas avers, in addition, that the contract was not written and recorded ; but this is mere verbiage, suggesting no matter in bar. The statute does not require the contract to be written or recorded. It will not be tolerated that a defendant may plead the same defense twice and compel plaintiff to make two replies to the same matter. All he can ask is that issue be taken on all defenses pleaded. It is, therefore, not legally true that any plea is not replied to, and this assignment of error is a mistake. But the Code settles the question : In this class of cases,

"the cause shall be deemed *at issue without a replication.*"
Code, p. 329, art. 9.

3. Exception was taken because the court, at request of
plaintiff, directed the jury as to their verdict in this.  They
would find whether the suit was commenced within six
months, etc., and, if the six months had elapsed, they
would find a verdict generally for plaintiffs, if they believed
the account had been proved.  This was but calling the
attention of the jury to the issues they were to try.  Upon
one issue they were bound to find whether suit was insti-
tuted within the six months.  The other direction, as to a
general finding, if the suit was not brought in time, is
immaterial in this case ; for the jury found the suit was
brought within the six months ; and, therefore, the error, if
any, did not prejudice the defendants.  But the statute
authorizes a general judgment where the defendant has
been served or appears.  Code, p. 329, § 11.  It is true that
section assumes that the lien exists ; but it makes the pro-
ceeding not a mere suit *in rem*, but a case in which, if the
facts justify it, both a special and a general judgment may
be rendered against the defendant ; and there is no reason
why the plaintiff should not, in such a suit, recover pay-
ment for his debt, although he fails to establish a lien.
The money demand, whether sought by *petition* or *declara-
tion*, must be tried in the same court and by the same
rules.  If it be a *declaration*, "the facts constituting the
cause of action" must be stated, "in ordinary and concise
language."  Code, p. 491, § 78.  If a petition, it must set
out "the nature of the contract and indebtedness, and the
amount thereof."  Code, p. 328, § 6.  Both are *complaints*
against the defendant, upon the same matter and seek the
same thing.  They are one and the same thing, a state-
ment of the case of the plaintiff.  As to the power of a
court to give such directions, calling the attention of the
jury to the issues presented by the pleadings, there can be
no question ; and special provision on this subject is made
in this class of cases.  Code, p. 329, § 10.

4. Upon such a state of case as was presented by the evidence in the court below, the necessary result was a verdict for plaintiffs and a lien on the schooner ; and this court will not set aside such a verdict, even if there was error in the matter of instructions, and this makes it necessary to consider that question. It will be noted, however, that defendants assumed that plaintiffs were not entitled to a judgment *in personam,* unless they were also entitled to judgment upon the lien, and therefore their instructions upon the question of lien direct a verdict "for the defendants," if the lien could not be enforced. All such instructions should have been limited to a verdict for or against the lien. As drawn they were properly refused.

The fourth charge asked for by defendants was properly refused. The account filed with the plea of payment admits that most of the sum sued for is due ; and thus only the small balance, the difference between the admitted balance and the sum sued for, was to be considered under that plea. With such admission of record, that a large sum was still due, this proposed charge for defendants was an absurdity.

It is manifest, from the whole record, that a just result between the parties was reached by the jury, and "the rule is, that the verdict will not be disturbed when it is according to the law and justice of the case, though the instructions were erroneous." Dunlap v. Edwards, 29 Miss. 45.

Peyton, C. J. :

Thomas Hassam and John Pooley instituted suit in the circuit court of Hancock county against Asa H. Hursey and Asa Hursey, to enforce an alleged lien on a certain schooner built in said county, for materials and money furnished by them in building the same, under an act of the legislature, entitled " An act to regulate the lien of mechanics and others for labor and materials." Rev. Code, 327.

To the plaintiffs' petition the defendants demurred, on the grounds, among others, that the circuit court of said county had no jurisdiction over the subject-matter of the suit, and

that the action is barred by the statute of limitations of six months. The demurrer was overruled by the court, whereupon the defendants pleaded: 1. The general issue, *non assumpsit*. 2. That the suit was not brought within six months after the cause of action accrued ; and, 3. The plea of payment. Upon these pleas issues were joined, which were submitted to a jury, who found a verdict for the plaintiffs for the sum of $748 32.

The defendants moved the court to set aside the verdict, and for a new trial, on the following grounds, among others: 1. Because the court directed the jury to find, specially, whether the suit was commenced within six months after the account was due and payable. 2. Whether the suit or claim was a special lien upon the vessel described in the petition ; and, 3. That if they should find that the suit was barred under the six months' statute of limitation, then they should find a verdict generally against the defendants for the amount proved to be due the plaintiffs. 4. Because the court erred in giving the instructions asked by the plaintiffs, and refusing those asked by the defendants, and because the verdict was contrary to law and evidence. This motion was overruled by the court, who gave judgment against the defendants for the amount of the verdict and costs of suit, with a special order for the sale of the schooner, upon which a lien was found by the jury to exist. To this action of the court, in overruling the motion for a new trial, the defendants excepted, and in their bill of exceptions they set out the evidence given on the trial of the cause, and the instructions asked of the court.

From this judgment the defendants bring the case to this court by writ of error, and make the following assignments of error :

1. The court erred in overruling the demurrer.

2. The court erred in directing a special verdict on issues after the evidence was submitted on the issues made in the pleadings.

3. The court erred in the granting the instructions asked

by the plaintiffs, and in refusing those asked by the defendants.

4. The court erred in overruling the motion for a new trial.

5. There was no issue on a special plea in bar.

6. The court below had no jurisdiction to decree the sale of the vessel.

With respect to the first assignment of error, we think the court did not err in overruling the defendants' demurrer to the plaintiffs' petition, for the reason that, in this action, the objection to the jurisdiction of the court and the statute of limitations cannot properly be taken by demurrer. As a general rule, these defenses can be made only by special pleas.

The second assignment of error is believed to be well taken. Whether a lien upon the vessel existed, was a question of law for the court to determine, and should not have been submitted to the jury. And it was error to instruct the jury that if they should find that the suit was barred by the six months' statute of limitations, then they should find a verdict generally against the defendants for the amount proven to be due the plaintiffs. If there be no lien upon the property, the plaintiffs would have no right to a general judgment in this form of action. For the statute provides, that in case judgment be given for the plaintiff against the builder, it shall, in case he was actually served with process, be entered against him generally, with costs, as in other cases, and with a special order for the sale of the property upon which the lien exists, for the payment thereof, and for an execution, as in other cases, for the residue that may remain unpaid after the sale of said property. Rev. Code, 329, art. 11. And this is upon the principle of preventing a multiplicity of suits, and of doing ample justice between the parties in one suit. If there be no lien on the property, the plaintiff would not be entitled to a special order for the sale of it, and in such case, if a general judgment were rendered, the execution, instead of issuing for a residue, would run for the whole

amount of the judgment, contrary to the true intent and meaning of the statute.    It is very clear that if the plaintiff fails to establish his lien on the property, he is not entitled to a general judgment against the defendant.    In such case the plaintiff has misconceived his remedy.

The third assignment of error impeaches the correctness of the instructions asked by the plaintiffs, and of the action of the court in refusing the instructions asked by the defendants.

In the sixth instruction to the jury on the part of the plaintiff, the court say, that when there is a running account between parties, with no agreement about the time of payment, it is not considered due until made out and presented. This is an incorrect exposition of the law.    Our statute provides, that in all actions of debt or *assumpsit*, brought to recover the balance due upon a *mutual and open current account*, the cause of action shall be deemed to have accrued at the time of the true date of the last item proved in such account ; and in all other actions upon open accounts, the period of limitation shall commence to run against the several items thereof, from the dates at which the same respectively became due and payable.    Rev. Code, 401, art. 20.

The court erred in refusing the following instructions for the defendants : 1. That if they believe, from the evidence before them, that this suit was not commenced within six months next after the time when the amount sued for became due and payable, then and in that case they must find in favor of the defendants ; 2. That if they believe, from the evidence before them, that the account sued on was due and payable on the 28th day of December, 1867, and that this suit was commenced on the 24th day of October, 1868, then more than six months had elapsed from the time the claim sued on was due and payable, and in that event they must find for the defendants in this proceeding. These instructions propounded the law correctly, and should have been given.    The court also erred in refusing to give

the fourth instruction asked by defendants as follows: That the jury are the judges of the weight of evidence, and that if they believe from the evidence that the account sued on has been paid before the suit was brought, then they must find for the defendants. As there was some evidence which tended to prove payment of the account, this instruction ought to have been given.

The errors above indicated clearly sustain the fourth assignment of error, and show that the court erred in over-ruling the motion for a new trial.

The views already expressed render it unnecessary to notice the fifth assignment, we will therefore proceed to the consideration of the sixth and last assignment of error, which brings in question the jurisdiction of the court to entertain the case, on the ground that it belongs to the courts of the United States, having cognizance of all cases of admiralty and maritime jurisdiction.

Where the proceeding is *in rem*, to enforce a specific lien, it is incumbent upon those who seek the aid of the court, to establish the existence of such lien in the particular case where repairs have been made, or necessaries have been furnished to a foreign ship, or to a ship in a port of the state to which she does not belong. The general maritime law, following the civil law, gives the party a lien on the ship itself for his security, and he may well maintain a suit *in rem* in the admiralty to enforce it. But in respect to repairs and necessaries in the port of the state to which the ship belongs, the case is governed altogether by the municipal law of the state, and no lien is implied, unless it is recognized by that law.

It has been long settled, that by the common law, which is the law of this state, material men and mechanics furnishing repairs to a domestic ship, have no particular lien upon the ship itself for the recovery of their demands. The General Smith, 4 Wheat. 438. That if the material men have any lien in this case, it must be by virtue of some contract or statutory provision.

The admiralty jurisdiction, in cases of contract, depends primarily upon the nature of the contract, and is limited to contracts, claims and services, purely maritime, and touching rights and duties appertaining to commerce and navigation. Liens on vessels incumber commerce, and are discouraged; so, that where the owner is present, no lien is acquired by the material man; nor is any where the vessel is supplied or repaired in the home port. The People's Ferry Company of Boston v. Beers et al., 20 How. 393.

In the case of Maguire v. Card, 21 How. 248, the court say: "We have determined to leave all these liens (of mechanics and material men) depending upon the state, and not arising out of the maritime contract, to be enforced by the state courts."

A maritime lien does not arise in contract for materials and supplies furnished to a vessel in her home port, and in respect to such contracts it is competent for the states, under the decisions of the supreme court of the United States, to create such liens as their legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations, prescribing the mode of their enforcement. But in all cases where a maritime lien arises, the original jurisdiction to enforce the same by a proceeding in rem, is exclusive in the district courts of the United States. The Belfast, 7 Wall. 624.

Material men may proceed in the case of supplies, repairs or other necessaries furnished to a foreign ship, or to a ship in a foreign port, against the ship and freight in rem, or against the master or owner, alone, in personam. In the case of a domestic ship, their right of action for supplies, repairs or other necessaries, is limited to an action in personam. 2 Parsons on Maritime Law, 675.

For the reasons herein stated, the judgment must be reversed, the cause remanded and a venire de novo awarded.