### W. H. NOBLE v. TERRELL & BOND.

1. PLEADING AND PRACTICE. *Petition to enforce lumber lien. Amendment by inserting count in assumpsit.*

Under ¿ 1581, Code of 1880, which provides that "The court shall have full power and authority to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors in the form of the action to be corrected," a petition to enforce the statutory lien for lumber furnished may be amended at the trial by having inserted therein a count in assumpsit for a part of the demand contained in the petition, but for which no lien is claimed, the entire demand being for lumber furnished under one contract.

2. SAME.  *Petition to enforce lien.  Failure to object to form of cured by verdict.*

    And where, in such case, no objection was made to the form of the petition or complaint before verdict, none can be afterward made, because of § 1727 of the Code of 1880, which provides that, " No judgment shall be stayed or reversed, after verdict, from any mispleading or any insufficient pleading ; or for any mistake or misconception of the form of the action; or for any defect of form in the declaration or pleading."

APPEAL from the Circuit Court of Bolivar County.

HON. J. H. WYNN, Judge.

Terrell & Bond had sawed and delivered to W. H. Noble a certain quantity of lumber, for which he owed them on May 29, 1883, seven hundred and thirty-eight dollars and twenty-seven cents.   They filed a petition in which they alleged that the most of the lumber referred to had been used in the construction of certain described houses, upon which they claimed a statutory lien.   The petition asked for the enforcement of the lien claimed and for general relief.   On the trial, the evidence for the plaintiffs developed the fact that only about five hundred dollars worth of the lumber had been used in the construction of the houses.   Plaintiffs then " asked leave of the court to amend their petition and file a declaration, so as to sue for two hundred dollars and forty-one cents [principal and interest of two hundred and thirty-eight dollars and twenty-seven cents] in assumpsit, the same being a part of the original and identical amount claimed in the original petition, to which the defendant objected.   The court overruled the objection, and granted leave to amend as asked.   To which the defendant then and there excepted.   The defendant then moved the court to withdraw this cause from trial and grant him a continuance, because of said amendment, which motion the court overruled, and the defendant then and there excepted."

The jury rendered a verdict for the plaintiffs, and judgment was entered in their favor for five hundred and eighty-five dollars (principal and interest of five hundred dollars), which was declared to be a lien on the houses described in the petition, and for two hundred and eighty dollars and twenty-three cents (principal and interest of two hundred and thirty-eight dollars and twenty-seven

cents), as to which there was only a personal judgment against the defendant under the assumpsit count. The defendant appealed.

*Nugent & McWillie*, for the appellant.

The action of the court below is certainly subject to criticism. The remedy by petition has no application to demands that are not made liens by the statute providing that remedy. It is true that a statutory proceeding to enforce the lien may be amended by converting it into an action of assumpsit for the price of the materials, but in such case there is a waiver of the lien and a total abandonment of the statutory proceeding. No other demands can be brought into the proceeding under cover of the lien debt. Indeed, our court holds that even in cases where the petitioner asserts a lien co-extensive with the whole debt, he is not entitled to a personal judgment unless he establishes the lien. *Hursey* v. *Hassam*, 45 Miss. 133.

The right to a personal judgment, even where the lien is established, depends on express legislative authority, and while our statute confers it, it does not go further and say that demands for which the petitioner confessedly has no lien may be included in the proceeding. Nothing can be plainer from its terms than that it relates only to those demands for the security of which the lien is created. Phillips on Mech. Liens, §§ 307, 446, 448.

*W. L. Nugent*, of counsel for the appellant, argued the case orally.

*Brame & Alexander*, for the appellees.

It was proper for the court to allow the amendment by which the lien was disclaimed as to two hundred and thirty-eight dollars and twenty-seven cents and interest, and a judgment *in personam* was asked. This amendment was made after the evidence came in. The statute is mandatory that all amendments shall be allowed so as to meet the merits of the controversy. The only condition is that the court *may*, in its discretion, impose terms as to costs and delay. Code, § 1581.

The failure to impose terms cannot be assigned for error.

There was no merit whatever in the application for continuance.

The defendant had an imparlance term as to the whole claim. The amount for which the merely personal judgment was asked was not *added* to the suit at the trial term—it was already included in the suit on the entire bill of seven hundred and thirty-eight dollars and twenty-seven cents. The case is then the simple one in which the plaintiff seeks to enforce a lien for that amount, and at the trial it develops that, *while the defendant owes the entire debt*, a small portion of it is not secured by a lien on the particular property sought to be condemned or subjected to the lien. It is the very case for the application of the very sensible provisions of § 1732 of the code.

But this point is not properly raised, it is not in the motion for a new trial, and it is not assigned for error. Indeed, the questions argued by counsel for appellant were not raised in the court below.

*L. Brame,* of counsel for the appellees, argued the case orally.

Arnold, J., delivered the opinion of the court.

Under the statute there was no error in permitting the petition to be amended ; but if it was not allowable, under the statute, to join with the petition to enforce the lien for a certain sum, a count in assumpsit for a certain other sum for which no lien was claimed, for lumber alleged to have been furnished under the same contract between the parties, the error of doing so is cured by the statute of jeofails, which provides, among other things, that no judgment shall be stayed or reversed, after verdict, for any mispleading or insufficient pleading, or for any mistake or misconception as to the form of action. As we construe the record, no objection was made to the form of the petition or complaint before trial, and none can be made on such account after verdict. The statute intends that the pleadings shall be settled by appropriate method before trial, and if it is not done, neither party, after verdict, shall avail of a defect in the pleadings, such as a misjoinder of causes of action, or a mistake in the form of action.

On the issues joined, there was no error in giving and refusing instructions, and on the showing made, there was no error in refusing to grant a continuance, or new trial.          *Affirmed.*