WILLIAMS & WILLIAMS v. WARREN.

(Division A. Feb. 4, 1924. Suggestion of Error Overruled March 17, 1924.)

[99 So. 266. No. 23153.]

1. MECHANICS' LIENS. *Builder under cost plus contract held entitled to lien for expenditures and commission.*

   The builder, in a contract by which he agrees to supervise the erecting of a building and to furnish and pay for all labor and material necessary therefor, and to receive as compensation the money expended by him for labor and material, and in addition thereto a certain per cent, on the cost of the building, is entitled to a lien on the building under section 3058, Code of 1906 (section 2418, Hemingway's Code, for the labor and material furnished, and also for his commissions thereon.

2. ACTION. *Plaintiff may not be compelled to elect, where count for personal judgment joined with count on lien.*

   In a proceeding to enforce the lien of a mechanic and materialman, under section 3058, Code of 1906 (section 2418, Hemingway's Code), on a building erected by him, a count for a personal judgment only may be joined with a count for both a personal judgment and a special order for the sale of the building erected for the payment of the judgment, and the plaintiff should not on the trial be compelled to elect on which of the counts he will stand.

3. APPEAL AND ERROR. *Erroneous judgment below will be corrected on appeal.*

   Where, in a suit to enforce a mechanic's lien on a building, wherein a count for a personal judgment only was joined with one for such a judgment and a special order for the sale of the building, the plaintiff, in response to an order of the court to elect on which

count he will stand, elects to stand on the one for a personal judgment only, and after the verdict and judgment has been rendered for him therefor files a motion for the correction of the judgment by adding thereto a special order for the sale of the building, and it appears from the evidence that he is entitled thereto, but his motion therefor was overruled, the supreme court on appeal will set aside the order overruling this motion and correct the judgment in accordance therewith.

4. MECHANICS' LIENS. *Builder not entitled to lien for commissions he would have earned, if allowed to complete building.*

Under a contract for the erection of a building as set forth in the first paragraph hereof, the builder, who has not been permitted by the owner of the building to be erected to complete it, will not be entitled to a lien on the building under section 3058, Code of 1906 (section 2418, Hemingway's Code), for commissions he would have earned, had he been allowed to complete it.

APPEAL from circuit court of Coahoma county, Second District.

HON. W. A. ALCORN, JR., Judge.

Suit by Williams & Williams against L. E. Warren. From a judgment for defendant, plaintiff appeals. Reversed and judgment rendered.

The contract mentioned in the opinion was as follows:

Exhibit A—Contract and Agreement.

"This agreement, made this 10th day of January in the year 1920, by L. E. Warren, of the city of Clarksdale, state of Mississippi, hereinafter called the the owner, and R. C. Williams and L. S. Williams, a copartnership under the firm name and style of Williams & Williams, of the city of Clarksdale, state of Mississippi, hereinafter called contractor, witnesseth:

"Article 1. The contractor, for and in consideration of the payment to him of a commission equal to seven and one-half per cent. of the total cost of a shop and office building to be erected by the said owner on lots fifteen (15) and sixteen (16), block D, city of Clarksdale, Mississippi, in full accordance with plans and specifications prepared by Gates & Horn, architects, and under their

supervision, agrees that he will furnish all labor and equipment at the owner's expense to fully erect and complete in the said building all material of each and every kind furnished by the said owner.

''And he further agrees without additional expense to the owner to exercise complete and careful supervision of the entire work, furnishing, when called upon by the architects, all bills of material and estimates of cost.

''Article 2. The owner will furnish or cause to be furnished at the site of the work to be performed all necessary material of each and every kind.

''Article 3. The owner agrees to pay the contractor for the services performed under this contract, and as compensation in full therefor, the remuneration above named, payable in the following manner:

''Every thirty days a payment on account of commission equivalent to eighty-five per cent. of the total value of material and labor placed during the preceding thirty days, the remaining fifteen per cent, to be paid on or after thirty-five days from the completion of the entire work and its acceptance by the owner and the architects.

''Article 4. And it is further understood and agreed by and between the parties hereto:

''First. That the contractor will obtain all labor and will maintain the necessary pay roll therefor, as well as do or cause to be done all necessary hauling and the transportation of material, and will pay all freight bills as presented on account of material transported, retaining for the architects' inspection proper vouchers or receipts for all money so expended.

''On the first day of each month, such vouchers or receipts shall be presented to the architects, who will upon verification issue in favor of the contractor a certificate providing for payment in full of moneys expended by the contractors for such services during the preceding thirty days; the owner taking up such certificate on or before the 5th day of the month.

''Second. That the contractor will purchase at market price all needful tools for the execution of the work here-

under, charging the cost therefor to the owner, who will at the completion of the work have the option of returning such tools to the contractor at the rate of ninety per cent. of the price paid therefor. Settlement on account to be made at the completion of the operations.

"Third. That the contractor, because of peculiar buying advantage attaching to his business, will execute directly all subcontracts for materials or work in his own name, such subcontracts to be prepared by the architects for signature by the parties in interest, and the owner will indorse such subcontract, agreeing to furnish said contractor the necessary money to meet the terms of payment to be upon certification by the architects.

"Fourth. That the contractor will maintain books of record of costs, daily time slips and pay rolls, and will furnish the architects, concurrently with the preparation of same, copies thereof.

"Fifth. That the execution of the work hereunder provided be at all times under the direction of the architects, whose decision in all matters pertaining hereto shall be final and binding upon both parties.

"Sixth. That the contractor will in every consistent manner execute this contract under the most economical method of procedure taking advantage of all conditions of the material or labor market, trade discounts, etc., to the end that a certain sum of ($30,500) thirty thousand five hundred dollars established as the probable cost be not exceeded, and the building obtained for such sum less than the above as may be by reason of the practice of such economies.

"Owner: [Signed] L. E. WARREN,

"Contractor: [Signed] WILLIAMS & WILLIAMS,

"By R. C. WILLIAMS, Member of Firm.

"Executed in triplicate this 10th day of January, 1920, at the offices of Gates & Horn, architects, McWilliams Building, Clarksdale, Mississippi."

*Maynard, FitizGerald & Venable,* for appellant.

The only real questions before the court are: 1. Are the plaintiffs, appellants here, entitled to personal judgment against L. E. Warren for the amount which they recovered, to-wit: six thousand, five hundred and eleven dollars and ninety cents; and, (2) should the personal judgment be also impressed as a lien on the property upon which the building was erected.

It is the contention of the appellants in this cause that the question of whether or not the lien should be impressed is really a question of law and not one for the jury; that both counts of the declaration could very well stand together, that the court in giving a personal judgment should have declared it to be a lien upon the property, and that in this case upon appeal the supreme court should declare the personal judgment already rendered herein to be correct and proper, and to enter a judgment in this court declaring the same to be a lien upon the property involved.

The lien of mechanics and materialmen is declared in section 3058, Code 1906, Hemingway's Code, section 2418.

This statute is for the purpose of giving a lien: "for the debt contracted and owing for labor done or materials furnished about the erection, construction, alteration or repairs thereof" and has reference to the contract, and has no reference whatever to a laborer's lien, which is provided for by section 3074, Code 1906, Hemingway's Code, section 2434, as amended by the Laws of 1918, page 126, and appears in the Hemingway's Supplement of 1921 as section 2434, therein.

For a short history of these provisions we refer the court to section 1378 of the Code of 1880, providing for contractual liens and section 1389, Code of 1880, for the laborer's lien. This act was amended by Acts of 1882 so as to let in railroad employees. Under this Code of 1880 the supreme court of the state of Mississippi, in the case of *Mobley* v. *Herrin*, 61 Miss. 509, decided that the owner was only bound to the contractors, and not to others employed by the contractors. Persons working with the hands were not included. By the case of *Rivers* v. *Mul-*

*holland,* 62 Miss. 766, it is held that subcontractors were not provided for by either section, but that by the laborer's lien section only such laborers or journeymen as gave notice under the contractor's contract could recover.

However the Code of 1892, section 2698, as to contractors and section 2714 as to laborers put in the later section; "subcontractors" and the Code of 1906, section 3058 as to contractors, Hemingway's Code, section 2418 and section 3074 as to laborers, Hemingway's Code, section 2434, also covered sub-contractors. And section 3059 of the Code of 1906, Hemingway's Code section 2419, puts a new provision in the law by which it is provided: "2419. (3059) Mechanics and materialmen—Lien declared— Limited to the contractor or employee.—Such lien shall exist only in favor of the person employed or with whom the contract is made to perform such labor or furnish such materials, and his assigns, by the owner, his agent, representative, guardian or tenant."

The form of suit in this kind of case as adopted by the procedure in all courts of the state of Mississippi is by petition in the nature of a bill in chancery, which should bring all the parties in any wise interested before the court and submit all the issues to the court, and not be a simple suit at law, but all equities of every kind and nature, as between all the parties, should be settled in the same case. *Weathersby* v. *Sinclair,* 43 Miss. 195; *Noble* v. *Terrell & Bond,* 64 Miss. 830; *Duff* v. *Snyder,* 54 Miss. 245.

It seems to us perfectly plain and beyond any dispute whatever that the law that exists in Mississippi is, (1) Under sections 2418-2419 of the Hemingway's Code, contractors are given lien for all the work done, materials furnished and labor performed by them by virtue of the contract; (2) Laborers are given a lien not by virtue of contract but by virtue of section 2434, Hemingway's Supplement, 1921. (3) That the form of the proceeding is in the nature of a chancery proceeding and the form of the judgment in reality final decree, and that all matters,

both in law and equity, existing between the parties may be settled in the same suit.

Now it cannot be denied that under the contract and the bid as accepted, Mr. Warren hired Williams & Williams, to put up this building; that while it is the owner's duty to furnish all materials, the architects ordered, and Williams & Williams in obedience thereto purchased the materials in their own name, hired all the labor and put up the building and that they are entitled to a lien for all of such expenditures, including their commission of seven an one-half per cent on the whole, for their work by virtue of the contract, in connection with the statute, sections 2418-19, Hemingway's Code. How any other view could be taken of the matter is not only strange to us, but we know will be most strange to the supreme court.

Under the authority of *Weathersby* v. *Sinclair*, 43 Miss. 189, we ask that this court affirm the personal judgment of six thousand, five hundred and eleven dollars and ninety cents, as against L. E. Warren, and that judgment be entered here inpressing a lien upon the property and building in controversy, for the full amount.

*Cook, Robertson, Yerger & Cook*, for appellee.

As to this assignment the record discloses that plaintiffs, appellants here, filed their petition in August, 1920, in which they set up facts which they allege therein entitled them to a lien upon the property described therein. The case went to trial upon a plea of the general issue, denying the allegations of this petition. After plaintiffs had closed their case, and introduced evidence which they now contend entitled them to a lien, appellee moved to exclude the evidence as to the lien, upon various grounds. Thereupon plaintiffs moved to be allowed to file a second count to their declaration, or petition, whereby they sought a personal judgment. Thereupon defendant moved that they be required to elect, and we now insist that the court was entirely correct in requiring such election, for these reasons: That an action for a lien, and a

separate and distinct action for a personal judgment, constitute inconsistent remedies. As pointed out by counsel for appellants, an action for a lien partakes of the nature of an equitable proceeding, and of course an action for a personal judgment alone is purely and simply an action at law.

Under the liberal rules of our courts we have found that the court in actions of this sort has allowed the following changes to be made in the pleadings: (1) In *Weathersby* v. *Sinclair*, 43 Miss. 189, the court held it to be proper where one brought a suit in *assumpsit*, to change the form of the action by an amendment in the nature of an additional count, to one seeking to impress a lien on certain properties. 2 In *Duff* v. *Snider*, 54 Miss. 245, the court held it proper, in a proceeding to enforce a mechanic's lien, that the lien could be abandoned, and the action changed by converting into *assumpsit*. (3) In *Nobel* v. *Terrel & Bond*, 64 Miss. 830, the court held that, under the facts in that particular case, it was not error for one count for a lien for a certain sum to be joined with another count in *assumpsit* for a certain other sum for which no lien was claimed. This is as far as our court has gone on this subject.

Upon the other hand, the court has very distinctly and clearly pointed out the inconsistency of the two remedies, and in all cases by requiring a plaintiff to have two counts, one setting up the cause of action upon which he seeks a lien, and the other charging a cause of action upon which he seeks no lien. *Hersey* v. *Hassam*, 45 Miss. 133, at page 142.

So we contend here that although plaintiffs below were entitled to proceed either for a lien or not for a lien, they cannot maintain two actions to recover the same indebtedness due them; and the court was correct in requiring them to elect between their two counts. Appellants allege that the court erred in not giving the plaintiff judgment for the full amount sued for, and impressing the same as a lien upon the property involved.

With reference to this assignment we find that the court did give the plaintiff judgment for the amount sued for, but we further find that the pleadings upon which the case was then being tried did not even seek a lien; therefore this assignment cannot be well taken. Taking the case in the most favorable light for the appellants, it appears that they were not entitled to a lien for the entire amount sued for, but the motion, notwithstanding the proof, sought to have the entire amount sued for impressed as a lien upon the property referred to, and the court, of course took the motion as an entirety and if the motion was bad in part, it was bad *in toto.* It is well settled that if a requested instruction is erroneous, either wholly or in part, it should be refused by the court. Citing 38 Cyc. 1707; *Doe* v. *King,* 3 Howard, 125; *Martin* v. *King,* 3 Howard, 125; *Dixon* v. *Wood,* 2 S. & M. 17.

*Were appellants entitled to a lien for the commissions, and for the labor performed by one Davis, their superintendent?* The court will perceive that Williams & Williams were to superintend the construction of this building, and receive as sole compensation a percentage of seven and one-half per cent. They claim that the sum of ten hundred and sixty-five dollars and sixty-seven cents was due them as commissions already earned, and the sum of four hundred eighty-one dollars and thirty-one cents was due them because they would have earned that much more had they completed the building.

It appears from the record that instead of superintending this building themselves, they had a man by the name of Davis on the job, whose principal duty was to see that the other workmen "properly carried on." Neither Davis performed such work upon which a lien could be based, nor could Williams & Williams base a lien on anything for their commissions, either earned, or unearned. Our supreme court has passed on a similar question to this in *Williams* v. *Alcorn Electric Light Company,* 53 So. 959.

*Are appellants entitled to a lien for material that actually went into the building?*

This question has already been discussed from the point of view as to the correctness of the demurrer. It appears from the evidence that plaintiff, acting as agents of defendant and for his account, purchased materials from various materialmen, which they placed in this building. If this be true, can appellants secure and maintain a lien for such materials? We submit that such is not the law, because the defendants furnished the materials, purchased the materials, and owed for the materials, not to plaintiffs, but to the persons furnishing same. Furthermore, this is the theory set out in the original petition upon which this case was tried, and these facts will be found in the testimony of Mr. Williams, one of the appellants, as well as that of Mr. Gates, the architect, so we unhesitatingly submit that this item of damage forms no basis for a lien upon the building. This theory is further borne out by the fact that the materialmen from whom these materials were bought, are made defendants to the original petition.

If these defendants were entitled to a lien on this building under the statute for materials furnished, can it be said that plaintiffs are entitled to a lien for the same materials?

SMITH, C. J.; delivered the opinion of the court.

This is a proceeding in which the appellants are seeking to obtain a personal judgment against the appellee for services rendered and material furnished in the erection of a building, in which the personal judgment sought was obtained, but the lien on the building was denied. Suit was begun by a regular mechanic's lien petition, setting forth a contract entered into between the parties hereto, by which the appellants agreed to supervise the erection of a building for the appellee and to furnish the labor and material therefor, for which they were to be reimbursed by the appellee and to receive for their services therefor seven and one-half per cent. of the total cost of

the building. This contract will be set out by the reporter in full. When the appellants rested their case on the trial thereof in the court below, a motion was made by the appellee to exclude the evidence that had been offered by the appellants, and while this motion was under discussion the appellants requested permission to file an additional count to their initial pleading, by which a personal judgment only would be sought against the appellee for the amount alleged to be due by him to the appellants under the contract sued on. This motion was sustained by the court, and when the amendment was made the appellee moved the court to compel the appellants to elect on which count they would stand, which motion, over the protest of the appellants, was sustained, and the appellants then elected to stand on the count by which a personal judgment only was sought.

It appears from the evidence that the appellants commenced and partially erected the building under their contract with the appellee, but before its completion it developed that it would cost more than thirty thousand and five hundred dollars to build it, whereupon the appellee declined to pay any more of the appellants' bills for labor and material, giving as a reason therefor that under section 6 of the contract the appellants had guaranteed that the cost of the building would not exceed thirty thousand and five hundred dollars. The appellants, not being able to proceed with the erection of the building, unless these payments for labor and material should be made, quit work on the building, and it was thereafter completed by the appellee.

The recovery sought by the appellants embraces commissions earned and that would have been earned, had they been allowed to complete the building, labor and material furnished, and freight paid by the appellants on material. The appellants had not at the time of the trial paid all of the indebtedness incurred by them for labor and material, but no effort appears to have been made or to be contemplated by the parties to whom this indebtedness is due to collect it from the appellee.

In obedience to the court's instructions the jury returned a verdict for the appellants for six thousand, five hundred and eleven dollars and ninety cents, and there was a personal judgment against the appellee accordingly. Included in this amount is the sum of four hundred eighty-one dollars and thirty-one cents, commissions that the appellants would have earned, had they completed the building. After the rendition of the judgment in the court below a motion was made by the appellants to correct it, by adding thereto a special order for the sale of the building and the land on which it was erected for the satisfaction of the judgment rendered. This motion was overruled, and the appellants, the plaintiffs in the court below, have brought the case to this court. The appellee also took a cross-appeal, but afterwards abandoned it.

The questions for decision can best be understood from a statement of the contentions of the appellee, which in effect are:

(1) That the contract for the erection of the building does not bring the cause within section 3058, Code of 1906 (Hemingway's Code, section 2418).

(2) That a count for a personal judgment only cannot be joined with one seeking in addition thereto the enforcement of a mechanic's lien. Consequently the court below should not have permitted the appellants to amend their initial pleading, from which it necessarily follows that the court committed no error, after the amendment was made, in compelling the appellants to elect on which count they would stand.

(3) That, having elected to stand on the count for a personal judgment, the appellants waived their right to a lien claimed in the original count.

The theory upon which the first of these contentions is based is that the appellants were employed merely to superintend the construction of the building and that in securing the labor and material therefor they were merely acting as the appellee's agent.

This is a total misconception of the contract, the clear

and evident meaning of which is that the appellants were to supervise the construction of the building and to furnish and pay for all labor and material necessary therefor, and as compensation therefor they were to be repaid the money expended by them for labor and material, and in addition thereto were to be paid seven and one-half per cent. on the cost of the building. In other words, they were employed, not merely to supervise the building of the house, but to do everything necessary in and about the building of it, to the same extent they would have been obligated to do, had the contract been simply for the building of the house for a stipulated sum; the only material difference between such a contract and the one here in question being that under the former the amount which the building would cost the owner is made certain, while under the latter it is dependent upon the cost of the labor and material that go into it.

We must not be misunderstood as intimating that, if the appellants' contract had been merely for the supervision of the construction of the building they would have had no lien for their commissions for so doing. As the contract is not of that character, we are not called on to express an opinion thereon. Whether or not the appellants have paid the indebtedness incurred by them for the labor and material is of no concern to the appellee in so far as is disclosed by this record. The indebtedness is not his, but is the appellants.

The appellants were not entitled to a lien for commissions they might have earned, had they been permitted to complete the building, but in so far as the other items of the account sued on are concerned no amendment to the petition seems to have been necessary, for under section 3067, Code of 1906 (Hemingway's Code, section 2427), a personal judgment therefor could have been rendered, in addition to a special order for the sale of the property on which the lien is sought. But there is no objection to joning in a mechanic's lien proceeding a count for a personal judgment only with one for such a judgment and in addition a special order for the sale of the property on

which the lien is sought. The count for the personal judgment only will, of course, add nothing to a plaintiff's case, unless he fails to establish his lien for all or a part of the account sued for. While there is some apparent confusion in the language of the former decisions of this court dealing herewith, the rule governing the matter is as we have herein announced it. *Noble* v. *Terrell,* 64 Miss. 830, 2 So. 14. In establishing his right to a lien, the plaintiff must also establish the debt which forms the basis of the lien, and no good reason appears for denying him the right to so shape his pleadings as to entitle him to recover this debt, in event he fails to establish his right to the lien. The court below therefore committed no error in allowing the additional count to be filed, but erred in compelling the appellants to elect on which count they would stand.

The appellants, having elected under compulsion and over their protest to stand on the count for a personal judgment, cannot be held to have thereby waived their claim to the lien sought to be recovered under the original count. The appellee seems not to, and could not successfully, contend that under section 6 of the contract sued on the appellants guaranteed that the cost of the building would not exceed thirty thousand and five hundred dollars. In that section thirty thousand and five hundred dollars is simply estimated as the probable cost of the building, and the promise therein made by the appellants is to ''execute this contract under the most economical method of procedure . . . to the end'' that the estimated ''probable cost be not exceeded.''

We do not understand from the record that there is or can be any contention on the part of the appellee that the appellants are not entitled to a lien on the building and the ground on which it stands, except for the reasons hereinbefore set out. If this is true, there can be no question either of fact or of law for the determination of which a new trial of the case in whole or in part is necessary. Consequently the court below should have sustained the appellants' motion for the correction of the

judgment, so as to add thereto a special order for the sale of the building and the land on which it was erected, as described in the petition, but with this modification. Embraced in the amount of the judgment as hereinbefore stated is the four hundred and eighty-one dollars and thirty-one cents commissions, which the appellants would have earned, had they completed the building, and for which they have no lien under this statute. This amount should have been deducted from the judgment, and the special order for the sale of the property should have been for the difference.

The judgment of the court below will be set aside, and a judgment will be rendered here in accordance with this opinion. If it should be made to appear, by a motion within the time prescribed by the rules of this court for the filing of a suggestion of error, that justice requires that the cause be remanded, so as to permit the appellee to relitigate the appellant's claim to the lien sought on grounds other than those hereinbefore set forth, the cause will be remanded for that purpose.

Reversed, and judgment here for appellant.

*Reversed.*