FEDERAL LAND BANK OF NEW ORLEANS *et al. v.* THAMES LUMBER & SUPPLY CO.

(Division A. May 4, 1931.)

[134 So. 154. No. 29357.]

336

Livingston & Milloy, and **O. C. Luper**, all of Prentiss, for appellants.

**E. L. Dent**, of Collins, for appellee.

Cook, J., delivered the opinion of the court.

The appellee, Thames Lumber & Supply Company, filed its petition in the circuit court of Jefferson Davis county against Grover King, Eula King, his wife, and the Federal Land Bank of New Orleans, and O. C. Luper, C. H. Joseph, and L. L. Courtney, trustees, seeking to establish and enforce a materialman's lien on a certain house

and one acre of land on which it was situated, the property of the said Grover King, upon which the Federal Land Bank of New Orleans held a deed of trust. The petition alleges that the appellee had sold and delivered to the said Grover King lumber and building material to the value of six hundred forty-two dollars and seventy-five cents, which was used in erecting a building on a certain particularly described sixty-acre tract of land, and that the petitioner has a materialman's lien on said building and one acre of said tract of land upon which the building stands, but there is no description of this one acre of land in the petition. By the proof offered at the hearing of the cause it was shown that the house upon which it was sought to establish a lien had been destroyed by fire, and that the proceeds of a fire insurance policy thereon had not been paid to the owner. At the conclusion of the testimony offered by the respective parties, the court peremptorily instructed the jury to find for the appellee against the owner, Grover King, and submitted to the jury as a controverted issue of fact the question of the priority of liens as between the appellee and the Federal Land Bank, and upon this issue the jury found in favor of the appellee. On the verdicts returned by the jury, the court entered a general judgment against the owner, Grover King, and further impressed upon the building a materialman's lien in favor of appellee, which was declared to be prior or superior to the lien of the Federal Land Bank and all other defendants, and further declaring the said materialman's lien to be a first lien on said building or any proceeds derived therefrom from insurance collected thereon, and ordered that execution issue, as in other cases, to satisfy said lien and costs. From this judgment the Federal Land Bank prosecuted this appeal.

Section 2258, Code of 1930, provides that every house, building, or structure of any kind shall be liable for the

debt contracted and owing for labor done or material furnished about the erection, construction, alteration, or repairs thereof, and such debts shall be a lien thereon from the time of making the contract, and that, if such house, building or structure is not in a city, town, or village, the lien shall extend to and cover one acre of land on which the same may stand, if there be so much, to be selected by the holder of the lien. In the case at bar, the lienholder and petitioner did not, in the petition seeking to enforce the lien, select an acre of land on which the house stood by describing it therein, and consequently no lien could be enforced against any land. The proof shows that the building to which the lien attached had been destroyed by fire and, unless the lien attached to and can be enforced against the proceeds of the insurance policy which covered the building, as the judgment of the court below sought to do, the judgment entered must be reversed.

In 26 C. J. 445, it is announced as the general rule that "one who has a mere lien on the insured property has no claim to the insurance money realized by the insured in the event of a loss of the property, for a claim on the insurance money can arise only out of contract." In the cases of Healey Ice Mach. Co. v. Green (C. C.), 181 Fed. 890, affirmed (C. C. A.) 191 Fed. 1004, 111 C. C. A. 668, and Imperial Elevator Co. v. Bennett, 127 Minn. 256, 149 N. W. 372, it was held that the holder of a mechanic's lien on property has no claim on the proceeds of insurance policies taken out by the owner and payable to himself, or to a mortgagee. In the case of Lindley v. Orr, 83 Ill. App. 70, it was held that a creditor, who has levied on property of his debtor, has no interest in an insurance policy which the debtor has placed upon the property, so as to base thereon a claim against the proceeds thereof, on the destruction of

the property by fire, and that "no person except the assured or his assignee, can rightfully claim the proceeds of a policy of insurance by reason of having a lien against the insured property unless by agreement, or unless the insurance was effected in whole or in part for his benefit."

The appellee, as holder of a materialman's lien on the building, was in no more favorable attitude than the mortgagee would have been, and a mortgagee, in the absence of any contract on the part of the mortgagor to insure for his benefit, has no right to the proceeds of an insurance policy taken out by the mortgagor with loss payable to himself. The proceeds of a policy of insurance do not represent the property, but rather a debt resulting from the contract of insurance. The owner and builder of the house to which a lien attached for the payment of a debt contracted for material used in the construction of a house was under no legal obligation to insure the house for the protection of the lien. The lien attached to particular property, and, when this property was destroyed by fire, the lien was destroyed, and the materialman had no claim to the insurance realized from the contract protecting the owner or the mortgagee, as the case may by contract be, from loss by fire. Consequently the judgment of the court below attempting to declare and enforce a lien against the proceeds of the insurance realized from the destruction by fire of the building in question was erroneous.

The only other point necessary to be considered in disposing of this appeal arises upon the contention of appellants that, since there was no lien against any property that could be enforced in this proceeding, it was error to award a general judgment against the appellant Grover King. Upon a statute in practically identical language as our present statute, this court, in the case of Hursey v. Hassam, 45 Miss. 133, decided this exact point. It was there held that, if the plaintiff fails to establish his lien,

in a proceeding under the statute to enforce a mechanic's lien, he is not entitled to a general judgment against the defendant, even though he was actually served with process and appeared and pleaded, and, in discussing this question, the court there said: "If there be no lien upon the property, the plaintiffs would have no right to a general judgment in this form of action. For the statute provides, that in case judgment be given for the plaintiff against the builder, it shall, in case he was actually served with process, be entered against him generally, with costs, as in other cases, and with a special order for the sale of the property upon which the lien exists, for the payment thereof, and for an execution, as in other cases, for the residue that may remain unpaid after the sale of said property. Rev. Code, 329, article 11. And this is upon the principle of preventing a multiplicity of suits, and of doing ample justice between the parties in one suit. If there be no lien on the property, the plaintiff would not be entitled to a special order for the sale of it, and in such case, if a general judgment were rendered, the execution, instead of issuing for a residue, would run for the whole amount of the judgment, contrary to the true intent and meaning of the statute. It is very clear that if the plaintiff fails to establish his lien on the property, he is not entitled to a general judgment against the defendant. In such case the plaintiff has misconceived his remedy."

In the case at bar the appellee wholly failed to establish any lien against the property of the appellant King, and consequently it was error to enter a general judgment against him. The judgment of the court below will therefore be reversed, and the petition dismissed.

Reversed, and petition dismissed.