ON PETITION FOR REHEARING
The appellant, Allen W. Evans, d/b/a Foundations Limited, filed suit against Central Service & Supply Company, Inc., Franklin S. Lumpkin, Jr., Kimbrough Investment Company, Glendal Salters, and Coast Wholesale Supply Company, Inc., to establish a materialman’s lien upon two lots in Spanish Acres Estates subdivision, Hancock County, Mississippi. It was alleged that Central Service & Supply Company, Inc. had some interest in these lots upon which a lien could attach. Kimbrough Investment Company, Glendal Salters, and Coast Wholesale Supply Company, Inc. are nominal defendants from whom the plaintiff seeks no relief. A joint and several judgment was sought, however, against Central Service & Supply Company, Inc. and Franklin S. Lump-kin, Jr., since it was alleged that these two defendants were engaged in a joint enterprise of developing the described property.
At the conclusion of the testimony the plaintiff nonsuited as to Spanish Acres Estates and Coast Wholesale Supply Company. Salters was dismissed by the court. Thereupon Central Service & Supply Company, Inc. moved to be dismissed because the evidence failed to establish any interest of this defendant in the two lots. This motion was sustained. The defendant, Franklin S. Lumpkin, Jr., then moved the court to dismiss as to him because a personal judgment could not be entered against him upon plaintiff’s failure to establish a lien upon the property. The trial court in commenting upon this motion stated:
However, in this particular case I cannot render judgment. There is a Supreme Court case, and it has not been overruled, if you read the case it doesn’t limit it to the owner. It says if there is no lien against the property, then there is no judgment. You have to file suit without asking a lien against the property. I don’t agree with it, but that appears to be the law.
The plaintiff then inquired of the court:
If the Court please, in the interest of avoiding additional lawsuits and in further pursuance to the authority in 360 and those cases under it which states that such a suit can be amended to change it to a suit for debt, would Your Honor consider a motion amending this suit to a suit for debt against Mr. Lump-kin, Jr.?
The proposed motion was not made after the court indicated it would consider the amendment, but only by permitting the defendant the right to amend his answer. The defendant expressed a willingness to amend his answer if the declaration were amended, but stated that he was not presently prepared to offer evidence thereon. Thereupon the trial court sustained Lumpkin’s motion to dismiss, stating:
Gentlemen, this case has failed because the Plaintiff did not establish a claim against the property. He established a claim against Lumpkin. Lumpkin is indebted to him, but Lumpkin had no interest in the property. Nor did the Supply Company. Therefore, the Plaintiff cannot have the property sold to satisfy his debt, because the owners of the property did not authorize the work. His claim against Lumpkin would have to be by a separate cause of action. This case has been dismissed without prejudice to the right of the Plaintiff to sue Lumpkin for the debt, without asking for the property to be sold.
From the orders sustaining the defendants’ motions the plaintiff appeals to this Court and assigns as error: “The learned court below committed manifest error in sustaining defendant’s motion for a directed verdict and in refusing to render a directed verdict against Franklin S. Lumpkin, Jr.”
*620 In our original consideration of this case we were of the opinion that the lower court correctly sustained the motion of Central Service & Supply Company, Inc. to dismiss because there was no evidence to establish any interest of this defendant in Spanish Acres Estates which would support a materialman’s lien under the provisions of Mississippi Code 1942 Annotated section 356 (1956). We reaffirm on this point. We were of the further opinion that the plaintiff had failed to state a cause of action upon an open account, Mississippi Code 1942 Annotated section 1469 (1956), a point raised for the first time subsequent to judgment by a pleading styled “Motion for a new trial, or in the alternative judgment against Franklin S. Lumpkin, Jr.”, because the declaration did not itemize the account as required by statute. We reaffirm our former opinion in this particular. However, upon reconsideration, we conclude that our former opinion which determined Franklin S. Lumpkin, Jr. to be individually liable in damages for breach of contract was error since a breach of contract was not pled, was not contended for by the plaintiff, was not argued by the attorneys, was not considered by the lower court, nor is it assigned as error on appeal. To this extent our former opinion is withdrawn.
The judgment of the trial court which sustained the defendant’s motion for a directed verdict, but without prejudice to the plaintiff to proceed against Franklin S. Lumpkin, Jr., in a separate proceeding for the debt was in accord with the latest pronouncement of this Court. Federal Land Bank of New Orleans v. Thames Lumber & Supply Company, 160 Miss. 335, 134 So. 154 (1931). However, since we are of the opinion that this authority and the case upon which it relies, Hursey v. Hassam and Pooley, 45 Miss. 133 (1871), should be overruled, we reverse the case. Otherwise, it would be affirmed. In Hursey, supra, the plaintiffs instituted suit against the defendants to enforce a lien upon a schooner for money and material furnished in its construction. The suit was based upon an act of the legislature entitled, “An act to regulate the lien of mechanics and others for labor and materials.” Rev.Code, 327. The provisions of this statute are in all material aspects the same as our present lien statute. There we held inter alia:
* * * If there be no lien upon the property, the plaintiffs would have no right to a general judgment in this form of action. For the statute provides, that in case judgment be given for the plaintiff against the builder, it shall, in case he was actually served with process, be entered against him generally, with costs, as in other cases, and with a special order for the sale of the property upon which the lien exists, for the payment thereof, and for an execution, as in other cases, for the residue that may remain unpaid after the sale of said property. Rev.Code, 329, art. 11. And this is upon the principle of preventing a multiplicity of suits, and of doing ample justice between the parties in one suit. If there be no lien on the property, the plaintiff would not be entitled to a special order for the sale of it, and in such case, if a general judgment were rendered, the execution, instead of issuing for a residue, would run for the whole amount of the judgment, contrary to the true intent and meaning of the statute. It is very clear that if the plaintiff fails to establish his lien on the property, he is not entitled to a general judgment against the defendant. In such case the plaintiff has misconceived his remedy. 45 Miss. at 141-142.
This case was followed in Federal Land Bank of New Orleans v. Thames Lumber & Supply Company, 160 Miss. 335, 134 So. 154 (1931), a suit to establish a material-man’s lien upon a house and one acre of land on which it was situated, in Jefferson Davis County. The suit failed because the one acre of land was not adequately described. As a consequence the lien could not be imposed against the property. However, a judgment was award *621 ed on the debt. On appeal we held that since there was no lien against the property that could be enforced, it was error to award a general judgment against the appellant debtor, citing Hursey, supra. The rationale of the former case construing the mechanic’s lien statute was adopted in the later suit. Both cases forthrightly hold that it is error in a mechanic’s or materialman’s lien suit to combine therewith an alternative demand for a personal judgment.
In Noble v. Terrell, 64 Miss. 830, 833, 2 So. 14, 15 (1887), also a materialman’s suit, under the provisions of Code of 1880 section 1384, we held to the contrary, stating:
If it was not allowable, under the statute, to join with the petition to enforce the lien for a certain sum, a count in assumpsit for a certain other sum for which no lien was claimed, for lumber alleged to have been furnished under the same contract between the parties, the error of doing so is cured by the statute of jeofails * * *.
Though Noble does not hold specifically that a lien suit could be joined with one for a personal judgment, it was cited in Williams and Williams v. Warren, 134 Miss. 899, 99 So. 266 (1924), as being authoritative for that position. We held:
* * *. But there is no objection to joining in a mechanic’s lien proceeding a count for a personal judgment only with one for such a judgment and in addition a special order for the sale of the property on which the lien is sought. The count for the personal judgment only will, of course, add nothing to a plaintiff’s case, unless he fails to establish his lien for all or a part of the account sued for. While there is some apparent confusion in the language of the former decisions of this court »dealing herewith, the rule governing the matter is as we have herein announced it. Noble v. Terrell, 64 Miss. 830, 2 So. 14. In establishing his right to a lien, the plaintiff must also establish the debt which forms the basis of the lien, and no good reason appears for denying him the right to so shape his pleadings as to entitle him to recover this debt, in event he fails to establish his right to the lien. The court below therefore committed no error in allowing the additional count to be filed, but erred in compelling the appellants to elect on which count they would stand. . . . 134 Miss. at 911-912, 99 So. at 269.
We are presently unaware of any good reason to deny the plaintiff the right to amend his declaration so as to entitle ,him to recover his debt in the event he fails to establish his right to the lien. The cases of Hursey v. Hassam and Pooley, 45 Miss. 133 (1871), and Federal Land Bank of New Orleans v. Thames Lumber & Supply Company, 160 Miss. 335, 134 So. 154 (1931), are hereby specifically overruled insofar as they .hold that a suit to establish a materialman’s lien cannot be combined with a suit for a personal judgment as an alternative in the declaration. We hasten to add that the declaration need not set forth the allegations in separate counts, but shall be in accord with Mississippi Code 1942 Annotated section 1464 (1956).
Chief Justice Ethridge and Justice Brady authorize me to say that they agree with the overruling of the Hursey and Federal Land Bank cases. Williams and Williams v. Warren, 134 Miss. 899, 99 So. 266 (1924), is sound and applicable to the right to combine both lien and debt in one suit. They differ with the controlling opinion as to the sufficiency of the declaration to charge a cause of action for breach of coh-tract. Being of the opinion that it was sufficient, they think that our original judgment was proper, and that a remand to permit such an amendment is unnecessary.
The order of the trial court denying the materialman’s lien is affirmed. That portion of the former opinion of this Court *622 holding Franklin S. Lumpkin, Jr. liable in damages for breach of contract is withdrawn. The order of the trial court dismissing the plaintiff’s declaration against Franklin S. Lumpkin, Jr. without prejudice is reversed and remanded to the Circuit Court of Hancock County with leave granted the plaintiff to amend his declaration to state an alternative demand for a personal judgment arising out of debt or to one for damages resulting from a breach of contract, against either Franklin S. Lumpkin, Jr. or Central Service & Supply Company, Inc., individually or jointly.
Petition for rehearing sustained in part, and overruled in part; former judgment and opinion of this court withdrawn, and judgment rendered here affirming as to dismissal of lien, and reversing and remanding cause with leave for appellant to amend declaration if he desires.
GILLESPIE, P. J., and RODGERS, JONES, INZER, SMITH and ROBERTSON, JJ., concur.
ETHRIDGE, C. J., and BRADY, J., concur in part and differ in part.